# EXHIBIT A

| DISTRICT COURT, DENVER COUNTY, COLORADO | |
|---|---|
| Court Address:<br>1437 BANNOCK STREET, RM 256, DENVER, CO, 80202 | DATE FILED: July 20, 2020 11:05 AM<br>CASE NUMBER: 2020CV30983 |
| **Plaintiff(s)** MARSHALL COBB<br>v.<br>**Defendant(s)** LIBERTY OILFIELD SERV INC et al. | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number:  2020CV30983 |
| | Division:  466          Courtroom: |
| **Order:Defendants' Proposal for Motions to Dismiss** | |

The motion/proposed order attached hereto: SO ORDERED.

The Court adopts Defendants' alternative no. 1 for handling of the motions to dismiss.


Issue Date:  7/20/2020

*Andrew P McCallin*

ANDREW PATRICK MCCALLIN
District Court Judge

Page1 of1

<table>
<tr><td>

**DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO**

Court Address:  1437 Bannock Street, Room 256,
                Denver, CO 80202

</td><td rowspan="2"></td></tr>
<tr><td>

**Plaintiff:**
MARSHALL COBB, on Behalf of Himself and All Others Similarly Situated,

v.

**Defendants:**
LIBERTY OILFIELD SERVICES INC., CHRISTOPHER A. WRIGHT, MICHAEL STOCK, CARY D. STEINBECK, WILLIAM F. KIMBLE, PETER A. DEA, N. JOHN LANCASTER, JR., BRETT STAFFIERI, KEN BABCOCK, JESAL SHAH, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS & CO. LLC, WELLS FARGO SECURITIES, LLC, CITIGROUP GLOBAL MARKETS INC., J.P. MORGAN SECURITIES LLC, EVERCORE GROUP L.L.C., PIPER SANDLER & CO. (F/K/A PIPER JAFFRAY & CO.), TUDOR, PICKERING, HOLT & CO. SECURITIES, LLC (F/K/A TUDOR, PICKERING, HOLT & CO. SECURITIES, INC.), HOULIHAN LOKEY CAPITAL, INC., INTREPID PARTNERS, LLC, PETRIE PARTNERS SECURITIES, LLC, SUNTRUST ROBINSON HUMPHREY, INC., R/C ENERGY IV DIRECT PARTNERSHIP, L.P., and R/C IV LIBERTY HOLDINGS, L.P.

</td><td>

▲ COURT USE ONLY ▲

</td></tr>
<tr><td>

**Attorney for the Underwriter Defendants:**

William Leone - #11403
Norton Rose Fulbright US LLP
1225 Seventeenth Street, Suite 3050
Denver, Colorado 80202
Phone Number: (212) 318-3324
Email: William.leone@nortonrosefulbright.com

</td><td>

Case No.   2020CV30983


Division:

</td></tr>
</table>

**DEFENDANTS' PROPOSAL FOR MOTIONS TO DISMISS**

Attachment to Order - 2020CV30983

1

Pursuant to the Court's instructions following the June 18, 2020 hearing on Defendants' Motion to Stay Proceedings ("Motion to Stay"), Defendants respectfully submit the following proposal for motions to dismiss in the above matter.

1. Defendants propose, for the reasons set forth below, the following alternatives for briefing motions to dismiss under Rule 12 of the Colorado Rules of Civil Procedure:

a. Alternative No. 1 (preferred):

1. Defendants will file motions to dismiss for lack of personal jurisdiction under Colo. R. Civ. P 12(b)(2) on or before July 17, 2020.

2. Plaintiff will respond to C.R.C.P. 12(b)(2) motions on or before September 15, 2020.

3. Defendants will file their replies on or before October 15, 2020.

4. Defendants will file their motions to dismiss for failure to state a claim under the federal equivalent of Colo. R. Civ. P. 12(b)(5) in U.S. District Court for the District of Colorado (the "Federal Court") in Case No. 1:20-cv-00946, *Joseph v. Liberty Oilfield Services* (the "Federal Case"), and not in this Court..

5. Defendants will consent to and seek approval to permit Plaintiff's counsel in this case to participate in briefing and opposition to any motion filed in the Federal Case under Rule 12 of the Federal Rules of Civil Procedure.

6. The parties will report to this Court every 30 days beginning July 15, 2020, as to the status of the Federal Case. It is expected that a lead plaintiff will be appointed imminently in the Federal Case. On June 23, 2020, one of the two competing movants filed a non-opposition to the appointment of the other movant as lead plaintiff. Accordingly, no hearing on the lead plaintiff appointment is anticipated in the Federal Case, and the Federal Court will appoint a lead plaintiff on or before July 2, 2020. A briefing schedule for motions to dismiss in the Federal Case should be entered simultaneously or soon thereafter.

b. Alternative No. 2:

1. Defendants will file motions to dismiss under Colo. R. Civ. P 12(b)(2) on or before July 17, 2020.

2. Plaintiff will respond to 12(b)(2) motions on or before September 15, 2020.

3. Defendants will file their replies on or before October 15, 2020.

4. Motions to dismiss under other provisions of Rule 12, including Colo. R. Civ. P. 12(b)(5) shall be filed 30 days after the Court rules on the 12(b)(2) motions.

2.      The proposed alternatives set forth above accomplish important objectives of fairness and judicial economy, as mandated by the Colorado Supreme Court's decision in *In re Application for Water Rights of U.S.*, 101 P.3d 1072 (Colo. 2004).

3.      It is not efficient or sensible to have multiple rulings from different courts on the same issues.  Here the same plaintiff, the putative Class, is pursuing virtually identical lawsuits in two courts seeking identical relief.  While *Cyan* permits the Class to bring its claims under the Securities Act of 1933 (the "1933 Act") in state court rather than federal court, nothing in *Cyan* or the 1933 Act itself suggests that it is sensible to have a state court and a federal court addressing motions to dismiss at the same time on multiple lawsuits by the same Class seeking identical relief.  Alternative No. 1 above is a practical approach that allows this Court to address threshold personal jurisdiction issues without delay while the Federal Court addresses the 1933 Act merits issues in the first instance, rather than having two courts considering the same issues of federal law at the same time without knowing when the other will rule.

4.      Until this Court determines the personal jurisdiction issues by deciding the Rule 12(b)(2) motions, it is not permitted to reach the merits.  "[P]ersonal jurisdiction over a defendant is required before a court may enter enforceable orders . . . ." *Giduck v. Niblett*, 408 P.3d 856, 862 (Colo. App. 2014); *see also Burrows v. Greene*, 599 P.2d 258, 259 (Colo. 1979) (trial court erred by deciding merits issue before resolving challenge to personal jurisdiction); *OMI Holdings v. Royal Ins. Co.*, 149 F.3d 1086, 1090 (10th Cir. 1998) ("Because a court without jurisdiction over the parties cannot render a valid judgment, we must address Defendants' personal jurisdiction argument before reaching the merits of the case.").  Moreover, the outcome of the personal jurisdiction motions may have an impact on whether the remaining issues should be stayed in this Court.  The Court determined in ruling on the Motion to Stay that it did not have the jurisdictional issues before it yet, and seemed to acknowledge that if the choice as to forum turns on which forum can provide complete relief to the parties, the outcome of the motions under Rule 12(b)(2) could change the result of the Court's decision on the Motion to Stay.

5.      The above alternatives address these concerns in different ways.  Alternative No. 1 avoids simultaneous briefing and adjudication of the same 1933 Act issues in two different courts; minimizes the prospect of inconsistent rulings; preserves this Court's ability to rule on jurisdiction before expending the resources to rule on other Rule 12 motions; allows this Court to determine whether it will be able to resolve all the claims asserted by the Class, based on whether it has jurisdiction over all the defendants, and allows the Court to revisit the stay issue based on that determination if it so chooses; permits this named Plaintiff and his counsel to participate in the briefing on the motion to dismiss on the merits; and allows this Court to monitor progress and assure that there is no undue delay in the proceedings.

6.      Alternative No. 2 may accomplish the same result as Alternative No. 1.  But, it leaves open the prospect of a delay in reaching the merits issues because of this Court's obligation to rule on personal jurisdiction before reaching merits issues.

7.      Only Alternative No. 1 permits prompt briefing on substantive motions in Federal Court while at the same time permitting prompt briefing of jurisdictional issues in this Court.  Only Alternative No. 1 assures a coordinated resolution of the dispositive motions that will be filed in these cases.  Alternative No. 1 avoids prejudice to any party.  Plaintiff has no legitimate complaint about Alternative No. 1.  It is expeditious; it preserves counsel's interest in being heard; it reasonably allocates decision-making burdens and authority between the two courts in which cases are pending; and it avoids inefficiency and duplication of effort by the litigants and the courts.

Dated: June 24, 2020

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

*/s/ William Leone*
William Leone - #11403
1200 17th Street, Suite 1000
Denver, Colorado 80202-5835
Phone: (212) 318-3324
william.leone@nortonrosefulbright.com

Brian S. Weinstein (*pro hac vice forthcoming*)
Alexander Bystryn (*pro hac vice forthcoming*)
Marissa Perry (*pro hac vice forthcoming*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Phone: 212.450.4972
Fax: 212.701.5972
brian.weinstein@davispolk.com
alexander.bystryn@davispolk.com
marissa.perry@davispolk.com

*Attorneys for the Underwriter Defendants*

*/s/ Lee F. Johnston*
Lee F. Johnston, No. 27897
HAYNES AND BOONE, LLP
1050 17th Street, Suite 1800
Denver, Colorado 80265
Phone: 303.382.6200
Fax: 303.382.6210
lee.johnston@haynesboone.com

R. Thaddeus Behrens (*pro hac vice*)
Daniel H. Gold (*pro hac vice*)
Matthew A. McGee (*pro hac vice*)

4

Benjamin G. Goodman (*pro hac vice*)
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Phone: 214.651.5000
Fax: 214.651.5940
thad.behrens@haynesboone.com
daniel.gold@haynesboone.com
matt.mcgee@haynesboone.com
benjamin.goodman@haynesboone.com

*Attorneys for Liberty, the Individual
Defendants, and the Riverstone Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of June, 2020, a true and correct copy of the foregoing **DEFENDANTS' PROPOSAL FOR MOTIONS TO DISMISS** was served via electronic service through CCEF to all parties of record in this matter.

 /s/  Courtney Ehrhart

5