**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:20-cv-00946-RBJ

CIPRIANO CORREA, Individually and on Behalf of All Others Similarly Situated,

 Plaintiff,

v.

LIBERTY OILFIELD SERVICES INC., et al.,

 Defendants.

---

**RIVERSTONE DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED CLASS
ACTION COMPLAINT**

---

Defendants R/C Energy IV Direct Partnership, L.P. and R/C IV Liberty Holdings, L.P. ("Riverstone Defendants") hereby answer Plaintiff's Amended Class Action Complaint ("Complaint").

<u>**PRELIMINARY STATEMENT**</u>

The following matters are incorporated by reference into the Riverstone Defendants' responses to each paragraph of the Complaint:

A. The Complaint contains purported excerpts from and references a number of documents and third-party publications, which have often been modified and taken out of context. Such documents and third-party publications should be considered, if at all, in context and/or in unmodified form, and the Riverstone Defendants respectfully refer the Court to the respective documents for a complete and accurate recitation of their contents.

B. The Riverstone Defendants deny that the registration statement and its incorporated prospectus ("Offering Documents") for Liberty Oilfield Services Inc.'s ("Liberty") January 2018 initial public offering ("IPO") were false or misleading and deny all allegations contained in the

**RIVERSTONE DEFENDANTS' ANSWER**            **1**

Complaint (including those outside of the knowledge and information of the Riverstone Defendants) to the extent that such allegations assert or suggest that the Offering Documents were false or misleading in any respect, or to the extent that they assert any factual allegations that are inconsistent with or contrary to the Offering Documents, to which reference is made for a complete and accurate recitation of their contents. The Riverstone Defendants had reasonable grounds to believe, and did believe, the statements in the Offering Documents were true and did not omit to state a material fact required to be stated therein or necessary to make the statements therein not misleading, and/or had no reasonable grounds to believe the statements in the Offering Documents were untrue or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

C.      Except as expressly admitted herein, the Riverstone Defendants deny all allegations in the Complaint.

D.      Except as otherwise expressly admitted herein, the Riverstone Defendants deny each and any averments or allegations contained in the preamble, headings, subheadings, or footnotes of the Complaint. The Riverstone Defendants specifically deny any liability to Plaintiff.

E.      To the extent that the Complaint states allegations against other defendants, the Riverstone Defendants respond only as to the allegations and claims directed at the Riverstone Defendants.    Except as otherwise noted, the Riverstone Defendants deny knowledge or information sufficient to form a belief as to the allegations against other entities.

F.      The Riverstone Defendants answer the Complaint based on current knowledge and information and reserve the right to supplement or amend this answer.

G.      Responses are based on the Riverstone Defendants' personal knowledge and/or information and belief.

**RESPONSE TO SPECIFIC ALLEGATIONS**

The introductory paragraph beginning on page 1 of the Complaint contains legal conclusions and no factual allegations, and, therefore, no response is required.  To the extent a response is required, the Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's (and counsel's) purported investigation or knowledge.  The Riverstone Defendants deny any remaining allegations in the introductory paragraph beginning on page 1 of the Complaint.

1.      The allegations in paragraph 1 and footnote 1 consist of legal conclusions or a characterization of Plaintiff's claims to which no response is required.  To the extent a response is required, the Riverstone Defendants admit and aver that Liberty completed its IPO on January 17, 2018, and admit that Liberty issued a registration statement and prospectus in connection with the IPO and that Plaintiff purports to bring the claims described in paragraph 1 and footnote 1.  The Riverstone Defendants deny any remaining allegations in paragraph 1 and footnote 1.

2.      The Riverstone Defendants admit and aver that Liberty provides fracking services, among other services, to onshore oil and natural gas exploration and production ("E&P") companies in North America, as described in the Offering Documents.  The Riverstone Defendants deny any remaining allegations in paragraph 2.

3.      The Riverstone Defendants admit and aver that Liberty completed its IPO of 14,640,755 shares of Class A common stock at $17.00 per share and received approximately $220.4 million in net proceeds.  The Riverstone Defendants admit that the Underwriter

Defendants earned underwriting fees in connection with the IPO.  The Riverstone Defendants deny any remaining allegations in paragraph 3.

4.      The Riverstone Defendants deny the allegations in paragraph 4, except refer to the Offering Documents for a complete and accurate recitation of their contents.

5.      The Riverstone Defendants deny the allegations in paragraph 5, except refer to the Offering Documents for a complete and accurate recitation of their contents.

6.      The allegations in paragraph 6 are based on unidentified confidential witnesses without any foundation and, on that basis, are denied.

7.      The Riverstone Defendants deny the allegations in paragraph 7, except (i) refer to the Offering Documents for a complete and accurate recitation of their contents, and (ii) deny knowledge or information sufficient to form a belief as to the truth of what "two other fracking companies" disclosed about their own businesses, except refer to the "registration statements" of the "two other fracking companies" for a complete and accurate recitation of their contents and deny any allegations in paragraph 7 that are inconsistent therewith.

8.      The Riverstone Defendants admit and aver that a Houston Chronicle article with "the year of the fracker" in its title was published January 25, 2018, and refer to the article for a complete and accurate recitation of its contents.  The Riverstone Defendants deny the article references Liberty and deny any allegations that Liberty's Offering Documents were false or misleading based on the article's contents.  The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of what the article reported regarding other companies' businesses.  The Riverstone Defendants deny any remaining allegations in paragraph 8.

9.      The Riverstone Defendants deny the allegations in paragraph 9, except (i) state the allegations in paragraph 9 consist of legal conclusions or a characterization of Plaintiff's claims to which no response is required, and (ii) refer to the Offering Documents for a complete and accurate recitation of their contents.

10.     The Riverstone Defendants admit that Liberty's stock price closed at $2.48 per share on April 3, 2020, admit the IPO price was $17.00 per share, admit that $2.48 is approximately 85% below $17.00, and aver that since this lawsuit was filed Liberty's stock price has exceeded $17.00 per share.  The Riverstone Defendants deny any remaining allegations in paragraph 10.

11.     The allegations in paragraph 11 consist of legal conclusions or a characterization of Plaintiff's claims to which no response is required.  Further, because the Court has held that Plaintiff's Section 12 claims fail to state a claim for relief, no response to paragraph 11's allegations regarding Section 12 is required.  To the extent a response is required, the Riverstone Defendants admit that Plaintiff purports to bring the claims described in paragraph 11 and deny any remaining allegations.

12.     The allegations in paragraph 12 consist of legal conclusions to which no response is required.  To the extent a response is required, the Riverstone Defendants refer to the statutes referenced in paragraph 12 for a complete and accurate recitation of their contents and deny any allegations in paragraph 12 that are inconsistent therewith.  The Riverstone Defendants do not contest the Court's subject matter jurisdiction.  The Riverstone Defendants deny any remaining allegations in paragraph 12.

13.     The allegations in paragraph 13 consist of legal conclusions to which no response is required.  To the extent a response is required, the Riverstone Defendants refer to the statutes

referenced in paragraph 13 for a complete and accurate recitation of their contents and deny any allegations in paragraph 13 that are inconsistent therewith.  The Riverstone Defendants admit that Liberty's principal executive offices are in Denver, Colorado.  The Riverstone Defendants do not contest that venue is proper in this District.  The Riverstone Defendants deny any remaining allegations in paragraph 13.

14.    The allegations in paragraph 14 consist of legal conclusions to which no response is required.  To the extent a response is required, the Riverstone Defendants admit that Defendants use mail and telephone, and that Liberty's shares are listed on the New York Stock Exchange ("NYSE").  The Riverstone Defendants deny any remaining allegations in paragraph 14.

15.    The allegations in paragraph 15 consist of legal conclusions to which no response is required.  To the extent a response is required, the Riverstone Defendants admit that Plaintiff previously filed his purported PSLRA certification and purports to incorporate it by refence in the Complaint.  The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 regarding Plaintiff's purchase of Liberty stock.

16.    The Riverstone Defendants admit and aver, as disclosed in the Offering Documents, that Liberty provides fracking services, among other services, to onshore oil and natural gas E&P companies in North America and that, upon completion of the IPO, Liberty Oilfield Services New HoldCo LLC became a subsidiary of holding company Liberty and the entity that owned Liberty's operating subsidiaries.   The Riverstone Defendants admit that Liberty is incorporated in Delaware, that Liberty maintains its principal executive offices at 950 17th Street, Suite 2400,

Denver, Colorado 80202, and that Liberty's shares are listed on the NYSE under "LBRT." The Riverstone Defendants deny any remaining allegations in paragraph 16.

17.     The Riverstone Defendants admit and aver that Mr. Wright is Liberty's CEO and was at the time of the IPO, and that he signed the S-1MEF filed January 11, 2018 and the S-1/A filed January 2, 2018.  The Riverstone Defendants deny any remaining allegations in paragraph 17.

18.     The Riverstone Defendants admit and aver that Mr. Stock is Liberty's CFO and was at the time of the IPO, resigned as a director of Liberty on January 11, 2018 effective simultaneously with the effectiveness of the registration statement, and signed the S-1MEF filed January 11, 2018 and, by his attorney-in-fact, the S-1/A filed January 2, 2018.  The Riverstone Defendants deny any remaining allegations in paragraph 18.

19.     The Riverstone Defendants admit and aver that Mr. Steinbeck was nominated to be a Liberty director at the time when Liberty filed its S-1/A on January 2, 2018 and became a director of Liberty on January 11, 2018 effective simultaneously with the effectiveness of the registration statement.  The Riverstone Defendants deny any remaining allegations in paragraph 19.

20.     The Riverstone Defendants admit and aver that Mr. Kimble was nominated to be a Liberty director at the time when Liberty filed its S-1/A on January 2, 2018 and became a director of Liberty on January 11, 2018 effective simultaneously with the effectiveness of the registration statement.  The Riverstone Defendants deny any remaining allegations in paragraph 20.

21.     The Riverstone Defendants admit and aver that Mr. Dea was nominated to be a Liberty director at the time when Liberty filed its S-1/A on January 2, 2018 and became a director

of Liberty on January 11, 2018 effective simultaneously with the effectiveness of the registration

statement. The Riverstone Defendants deny any remaining allegations in paragraph 21.

22.    The Riverstone Defendants admit and aver that Mr. Lancaster was nominated to be

a Liberty director by funds affiliated with Riverstone Holdings LLC at the time when Liberty filed

its S-1/A on January 2, 2018, became a director of Liberty on January 11, 2018 effective

simultaneously with the effectiveness of the registration statement, and was a Partner at Riverstone

Holdings LLC at the time of the IPO. The Riverstone Defendants deny any remaining allegations

in paragraph 22.

23.    The Riverstone Defendants admit and aver that Mr. Staffieri was nominated to be

a Liberty director by funds affiliated with Riverstone Holdings LLC at the time when Liberty filed

its S-1/A on January 2, 2018, became a director of Liberty on January 11, 2018 effective

simultaneously with the effectiveness of the registration statement, and was a Managing Director

at Riverstone Holdings LLC at the time of the IPO. The Riverstone Defendants deny any

remaining allegations in paragraph 23.

24.    The Riverstone Defendants admit and aver that Mr. Babcock was nominated to be

a Liberty director by funds affiliated with Riverstone Holdings LLC at the time when Liberty filed

its S-1/A on January 2, 2018, became a director of Liberty on January 11, 2018 effective

simultaneously with the effectiveness of the registration statement, and, at the time of the IPO, was

the Chief Executive Officer of Abaco Energy Technologies LLC, a private company that was

formed by funds affiliated with Riverstone Holdings LLC. The Riverstone Defendants deny any

remaining allegations in paragraph 24.

25.    The Riverstone Defendants admit and aver that Mr. Shah was nominated to be a Liberty director by funds affiliated with Riverstone Holdings LLC at the time when Liberty filed its S-1/A on January 2, 2018, became a director of Liberty on January 11, 2018 effective simultaneously with the effectiveness of the registration statement, and was a Vice President at Riverstone Holdings LLC at the time of the IPO.  The Riverstone Defendants deny any remaining allegations in paragraph 25.

26.    The Riverstone Defendants admit and aver that Messrs. Wright, Steinbeck, Kimble, Dea, Lancaster, Staffieri, Babcock, and Shah were identified as Liberty director nominees in Liberty's S-1/A filed January 2, 2018 who would be appointed to Liberty's board prior to the date that Liberty's Class A common stock was first traded on the NYSE, and that each signed a consent for Liberty to list their name as a director nominee in the S-1/A filed January 2, 2018.  The Riverstone Defendants deny any remaining allegations in paragraph 26.

27.    Because paragraph 27 contains no factual allegations, no response is required.  To the extent a response is required, the Riverstone Defendants admit that Plaintiff purports to refer to the Defendants named in paragraphs 17-25 of the Complaint as the "Individual Defendants."

28.    The Riverstone Defendants admit that Morgan Stanley & Co. LLC is an investment banking firm that served as an underwriter of Liberty's IPO.  The Riverstone Defendants admit that Morgan Stanley & Co. LLC purchased and resold shares of Liberty common stock in connection with the IPO but deny that the number of such shares was 3,119,118.  The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28.

29.     The Riverstone Defendants admit that Goldman Sachs & Co. LLC is an investment banking firm that served as an underwriter of Liberty's IPO.  The Riverstone Defendants admit that Goldman Sachs & Co. LLC purchased and resold shares of Liberty common stock in connection with the IPO but deny that the number of such shares was 2,864,496.  The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29.

30.     The Riverstone Defendants admit that Wells Fargo Securities, LLC is an investment banking firm that served as an underwriter of Liberty's IPO.  The Riverstone Defendants admit that Wells Fargo Securities, LLC purchased and resold shares of Liberty common stock in connection with the IPO but deny that the number of such shares was 1,973,319. The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30.

31.     The Riverstone Defendants admit that Citigroup Global Markets Inc. is an investment banking firm that served as an underwriter of Liberty's IPO.  The Riverstone Defendants admit that Citigroup Global Markets Inc. purchased and resold shares of Liberty common stock in connection with the IPO but deny that the number of such shares was 1,527,730. The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31.

32.     The Riverstone Defendants admit that J.P. Morgan Securities LLC is an investment banking firm that served as an underwriter of Liberty's IPO.  The Riverstone Defendants admit that J.P. Morgan Securities LLC purchased and resold shares of Liberty common stock in connection with the IPO but deny that the number of such shares was 891,176.  The Riverstone

Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32.

33.     The Riverstone Defendants admit that Evercore Group LLC is an investment banking firm that served as an underwriter of Liberty's IPO. The Riverstone Defendants admit that Evercore Group LLC purchased and resold shares of Liberty common stock in connection with the IPO but deny that the number of such shares was 572,899. The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33.

34.     The Riverstone Defendants admit that Piper Sandler & Co. is an investment banking firm that served as an underwriter of Liberty's IPO. The Riverstone Defendants admit that Piper Sandler & Co. purchased and resold shares of Liberty common stock in connection with the IPO but deny that the number of such shares was 381,933. The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34.

35.     The Riverstone Defendants admit that Tudor, Pickering, Holt & Co. Securities, LLC is an investment banking firm that served as an underwriter of Liberty's IPO. The Riverstone Defendants admit that Tudor, Pickering, Holt & Co. Securities, LLC purchased and resold shares of Liberty common stock in connection with the IPO but deny that the number of such shares was 381,933. The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35.

36.     The Riverstone Defendants admit that Houlihan Lokey Capital, Inc. is an investment banking firm that served as an underwriter of Liberty's IPO. The Riverstone

Defendants admit that Houlihan Lokey Capital, Inc. purchased and resold shares of Liberty common stock in connection with the IPO but deny that the number of such shares was 254,622. The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36.

37.    The Riverstone Defendants admit that Intrepid Partners, LLC is an investment banking firm that served as an underwriter of Liberty's IPO.  The Riverstone Defendants admit that Intrepid Partners, LLC purchased and resold shares of Liberty common stock in connection with the IPO but deny that the number of such shares was 254,622.  The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37.

38.    The Riverstone Defendants admit that Petrie Partners Securities, LLC is an investment banking firm that served as an underwriter of Liberty's IPO.  The Riverstone Defendants admit that Petrie Partners Securities, LLC purchased and resold shares of Liberty common stock in connection with the IPO but deny that the number of such shares was 254,622. The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38.

39.    The Riverstone Defendants admit that SunTrust Robinson Humphrey, Inc. is an investment banking firm that served as an underwriter of Liberty's IPO.  The Riverstone Defendants admit that SunTrust Robinson Humphrey, Inc. purchased and resold shares of Liberty common stock in connection with the IPO but deny that the number of such shares was 254,622. The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39.

40.     Because paragraph 40 contains no factual allegations, no response is required.  To the extent a response is required, the Riverstone Defendants admit that Plaintiff purports to refer to Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Wells Fargo Securities, LLC, Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Evercore Group LLC, Piper Sandler & Co., Tudor, Pickering, Holt & Co. Securities, LLC, Houlihan Lokey Capital, Inc., Intrepid Partners, LLC, Petrie Partners Securities, LLC, and SunTrust Robinson Humphrey, Inc. as the "Underwriter Defendants."

41.     The Riverstone Defendants admit and aver that they are investment partnerships affiliated with funds that are affiliated with Riverstone Holdings LLC.  The Riverstone Defendants deny the remaining allegations in paragraph 41.

42.     The Riverstone Defendants admit and aver, as disclosed in the Offering Documents, that immediately prior to the IPO, R/C Energy IV Direct Partnership, L.P. beneficially owned 14.9%, and R/C IV Liberty Holdings, L.P. beneficially owned 34.8%, of Liberty Oilfield Services New HoldCo LLC units.  The Riverstone Defendants deny any remaining allegations in paragraph 42.

43.     The Riverstone Defendants admit and aver, as disclosed in the Offering Documents, that immediately after the IPO and excluding the Underwriter Defendants' option to purchase additional shares, it was estimated based on an IPO price of $17.00 per share that R/C Energy IV Direct Partnership, L.P. would beneficially own 22.7% of Class A common stock, 0.0% of Class B common stock, and 13.3% of combined voting power, and that R/C IV Liberty Holdings, L.P. would beneficially own 6.8% of Class A common stock, 65.1% of Class B common stock, and 31.3% of combined voting power, of Liberty Oilfield Services Holdings LLC, and that the actual

number of shares received after the closing of the IPO may differ based on the volume weighted average price of Class A common stock for the five trading days after the IPO.  The Riverstone Defendants deny any remaining allegations in paragraph 43.

44.      The Riverstone Defendants admit and aver, as disclosed in the Offering Documents, that R/C Energy IV Direct Partnership, L.P. sold 300,541 shares of Class A common stock to the Underwriter Defendants. The Riverstone Defendants deny any remaining allegations in paragraph 44.

45.      Because paragraph 45 contains no factual allegations, no response is required.  To the extent a response is required, the Riverstone Defendants admit that Plaintiff purports to define all of the defendants in this lawsuit as the "Defendants."

46.      The Riverstone Defendants admit that the allegations in paragraph 46 describe the fracking process at a very general level and refer to the Offering Documents for a more detailed description.

47.      The Riverstone Defendants admit that the allegations in paragraph 47 describe one measure of fracking capacity at a very general level and refer to the Offering Documents for a more detailed description.

48.      The Riverstone Defendants refer to the Offering Documents for a description of the most active basins in North America at the time of the IPO, including the Permian Basin, the Eagle Ford Shale, the Denver-Julesburg Basin, the Williston Basin, and the Powder River Basin.  The Riverstone Defendants deny any remaining allegations in paragraph 48.

49.      The Riverstone Defendants refer to the Offering Documents for a description of the North American fracking industry's decline from late 2014 through the first half of 2016 and

recovery beginning in the third quarter of 2016.  The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding other companies' businesses.  The Riverstone Defendants deny any remaining allegations in paragraph 49.

50.      The Riverstone Defendants admit that a Houston Chronicle article titled "Sand, Water, and Horsepower: Welcome to the Year of the Fracker" was published January 25, 2018 and refer to the article for a complete and accurate recitation of its contents.  The Riverstone Defendants deny the article references Liberty and deny any allegations that Liberty's Offering Documents were false or misleading based on the article's contents. The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of what the article reported regarding other companies' businesses.   The Riverstone Defendants deny any remaining allegations in paragraph 50.

51.      The Riverstone Defendants admit that the Houston Chronicle article purports to quote an energy analyst at Evercore ISI and the CEO of ProPetro and refer to the article for a complete and accurate recitation of its contents.  The Riverstone Defendants deny the article references Liberty and deny any allegations that Liberty's Offering Documents were false or misleading based on the article's contents. The Riverstone Defendants deny knowledge or information sufficient to form a belief as to what individuals told the Houston Chronicle, whether those statements were reported accurately by the Houston Chronicle, and the accuracy or reliability of what the article reported regarding other companies' businesses.  The Riverstone Defendants deny any remaining allegations in paragraph 51.

52.      The Riverstone Defendants admit that the Houston Chronicle article references Schlumberger and Weatherford International and refer to the article for a complete and accurate

recitation of its contents.   The Riverstone Defendants deny the article states Schlumberger "intended" to "reactivate" "idle fracking fleets," deny the article references Liberty, and deny any allegations that Liberty's Offering Documents were false or misleading based on the article's contents. The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the accuracy or reliability of what the article reported regarding other companies' businesses. The Riverstone Defendants deny any remaining allegations in paragraph 52.

53.     The allegations in paragraph 53 are based on unidentified companies without any foundation and, on that basis, are denied.   To the extent a further response is required, the Riverstone Defendants admit that its IPO occurred in January 2018.  The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of what unidentified companies disclosed.  The Riverstone Defendants deny any remaining allegations in paragraph 53, and deny any allegations that Liberty's Offering Documents were false or misleading based on what other companies disclosed.

54.     The Riverstone Defendants admit that a document that purports to be a registration statement from Nine Energy Services, Inc. ("NES") was filed with the SEC on January 9, 2018 and refer to the document for a complete and accurate recitation of its contents.  The Riverstone Defendants admit that NES purports to have completed its IPO on January 23, 2018, which would have been approximately six days after Liberty's IPO.   The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth, basis, or accuracy of what NES disclosed about its business.   The Riverstone Defendants deny any remaining allegations in paragraph 54 and footnote 2, and deny any allegations that Liberty's Offering Documents were false or misleading based on what NES disclosed.

**RIVERSTONE DEFENDANTS' ANSWER**                                                                    **16**

55.     The Riverstone Defendants admit that a document that purports to be a registration statement from BJ Services Inc. ("BJS") was filed with the SEC on July 28, 2017 and refer to the document for a complete and accurate recitation of its contents. The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth, basis, or accuracy of what BJS disclosed about its business. The Riverstone Defendants deny any remaining allegations in paragraph 55 and footnote 3, and deny any allegations that Liberty's Offering Documents were false or misleading based on what BJS disclosed.

56.     The Riverstone Defendants refer to NES's and BJS's offering documents for a complete and accurate recitation of their contents and deny any allegations in paragraph 56 that are inconsistent therewith. The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth, basis, or accuracy of what other companies disclosed about their businesses. The Riverstone Defendants deny any remaining allegations in paragraph 56, and deny any allegations that Liberty's Offering Documents were false or misleading based on what NES or BJS disclosed.

57.     Denied.

58.     The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of the titles and roles of Liberty's employees. The remaining allegations in paragraph 58 are based on an unidentified confidential witness without any foundation and, on that basis, are denied.

59.     The allegations in paragraph 59 are based on an unidentified confidential witness without any foundation and, on that basis, are denied.

60.    The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of the titles and roles of Liberty's employees.  The remaining allegations in paragraph 60 are based on an unidentified confidential witness without any foundation and, on that basis, are denied.

61.    The allegations in paragraph 61 are based on an unidentified confidential witness without any foundation and, on that basis, are denied.

62.    The allegations in paragraph 62 are based on an unidentified confidential witness without any foundation and, on that basis, are denied.

63.    The Riverstone Defendants admit that paragraph 63 provides a general description of Liberty at the time of the IPO and refer to the Offering Documents for a complete and accurate description.  The Riverstone Defendants deny any remaining allegations in paragraph 63.

64.    The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of footnote 4.  The Riverstone Defendants admit that Liberty's final registration statement filed January 2, 2018 was declared effective on January 11, 2018, Liberty filed various amendments to its registration statement prior to January 2, 2018, Liberty's common stock began trading on the NYSE on January 12, 2018, Liberty filed its final prospectus on January 16, 2018, and Liberty completed its IPO on January 17, 2018.  The Riverstone Defendants deny any remaining allegations in paragraph 64.

65.    The Riverstone Defendants admit and aver that Liberty completed its IPO of 14,640,755 shares of Class A common stock at $17.00 per share and received approximately $220.4 million in net proceeds.  The Riverstone Defendants deny any remaining allegations in paragraph 65.

66.    Denied.

67.    The Riverstone Defendants refer to the Offering Documents for a complete and accurate recitation of their contents and deny any allegations in paragraph 67 that are inconsistent with the Offering Documents.  The Riverstone Defendants deny any remaining allegations in paragraph 67.

68.    The Riverstone Defendants deny the allegations in paragraph 68, except deny knowledge or information sufficient to form a belief as to the truth of the allegations about other companies' businesses.

69.    To the extent the Court has held that certain allegations in paragraph 69 fail to state a claim for relief, no response to such allegations is required.  The Riverstone Defendants deny the allegations in paragraph 69, except refer to the Offering Documents for a complete and accurate recitation of their contents.

70.    The Riverstone Defendants deny the allegations in paragraph 70, except (i) refer to the Offering Documents for a complete and accurate recitation of their contents, and (ii) deny knowledge or information sufficient to form a belief as to the truth of what other companies disclosed about their businesses and deny the Offering Documents were false or misleading based on what other companies disclosed.  Further, the allegations in the second sentence of paragraph 70 related to FE1 and FE2 are based on unidentified confidential witnesses without any foundation and, on that basis, are denied.

71.    The Riverstone Defendants refer to the Offering Documents for a complete and accurate recitation of their contents and deny any allegations in paragraph 71 that are inconsistent

with the Offering Documents.  The Riverstone Defendants deny any remaining allegations in paragraph 71.

72.     The allegations in paragraph 72 consist of legal conclusions to which no response is required.  To the extent a response is required, the Riverstone Defendants refer to Regulation S-K for a complete and accurate recitation of its contents and deny any allegations in paragraph 72 that are inconsistent therewith.

73.     Denied.

74.     The allegations in paragraph 74 consist of legal conclusions to which no response is required.  To the extent a response is required, the Riverstone Defendants refer to Regulation S-K for a complete and accurate recitation of its contents and deny any allegations in paragraph 74 that are inconsistent therewith.

75.     The Riverstone Defendants refer to the Offering Documents for a complete and accurate recitation of their contents and deny any allegations in paragraph 75 that are inconsistent with the Offering Documents.  The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of what other companies disclosed about their businesses and deny the Offering Documents were false or misleading on the basis of what other companies disclosed.  The Riverstone Defendants deny any remaining allegations in paragraph 75.

76.     The Riverstone Defendants deny the allegations in paragraph 76, except refer to the Offering Documents for a complete and accurate recitation of their contents.

77.     The allegations in paragraph 77 consist of legal conclusions to which no response is required.  To the extent a response is required, the Riverstone Defendants deny the allegations

in paragraph 77, except refer to the cited source for a complete and accurate recitation of its contents.

78. The Riverstone Defendants admit that Liberty's stock price closed at $2.48 per share on April 3, 2020, admit the IPO price was $17.00 per share, admit that $2.48 is approximately 85% below $17.00, and aver that since this lawsuit was filed Liberty's stock price has exceeded $17.00 per share. The Riverstone Defendants deny any remaining allegations in paragraph 78.

79. The allegations in paragraph 79 are not directed to the Riverstone Defendants and consist of legal conclusions, and no response is required. To the extent a response is required, the Riverstone Defendants refer to Section 11 for a complete and accurate recitation of its contents and deny any allegations in paragraph 79 that are inconsistent therewith.

80. No response to paragraph 80 is required because the Court has held that Plaintiff's Section 12 claims fail to state a claim for relief, and the allegations consist of legal conclusions and are not directed to the Riverstone Defendants. To the extent a response is required, the Riverstone Defendants refer to Section 12 for a complete and accurate recitation of its contents and deny any allegations in paragraph 80 that are inconsistent therewith.

81. The allegations in paragraph 81 are not directed to the Riverstone Defendants and no response is required. To the extent a response is required, the Riverstone Defendants admit and aver that the Underwriter Defendants offered or sold Liberty common stock that the Underwriter Defendants purchased pursuant to an Underwriting Agreement dated January 11, 2018 among Liberty, Liberty Oilfield Services New HoldCo LLC, R/C Energy IV Direct Partnership, L.P., and Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, and Wells Fargo Securities, LLC on

behalf of the Underwriter Defendants.  The Riverstone Defendants deny any remaining allegations in Paragraph 81.

82.     Because the Court has held that Plaintiff's Section 12 claims fail to state a claim for relief, no response to paragraph 82's allegations regarding Section 12 is required.  Further, the allegations in paragraph 82 are not directed to the Riverstone Defendants and consist of legal conclusions, and no response is required.  To the extent a response is required, the Riverstone Defendants refer to Sections 11 and 12 for a complete and accurate recitation of their contents and deny any allegations in paragraph 82 that are inconsistent therewith.  The Riverstone Defendants deny that the Offering Documents contained any materially false statements.

83.     The allegations in paragraph 83 are not directed to the Riverstone Defendants and no response is required.  To the extent a response is required, the Riverstone Defendants refer to the report cited in paragraph 83 for a complete and accurate recitation of its contents and deny any allegations in paragraph 83 that are inconsistent therewith.  The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of what is commonly understood in the underwriting industry.  The Riverstone Defendants deny any remaining allegations in paragraph 83.

84.     The allegations in paragraph 84 are not directed to the Riverstone Defendants and consist of legal conclusions, and no response is required.  To the extent a response is required, the Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of precisely what is required by underwriters.  The Riverstone Defendants deny any remaining allegations in paragraph 84.

85.     The allegations in paragraph 85 are not directed to the Riverstone Defendants and consist of legal conclusions, and no response is required.  To the extent a response is required, the Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of what is commonly understood in the investment banking industry, financial community generally, and SEC literature and jurisprudence.  The Riverstone Defendants deny any remaining allegations in paragraph 85.

86.     The allegations in paragraph 86 are not directed to the Riverstone Defendants and consist of legal conclusions, and no response is required.  To the extent a response is required, the Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of what is well understood in the investment banking and financial communities.  The Riverstone Defendants deny any remaining allegations in paragraph 86.

87.     The allegations in paragraph 87 are not directed to the Riverstone Defendants and no response is required.  To the extent a response is required, the Riverstone Defendants refer to the report cited in paragraph 87 for a complete and accurate recitation of its contents and deny any allegations in paragraph 87 that are inconsistent therewith.  The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of what is known in the underwriting industry.  The Riverstone Defendants deny any remaining allegations in paragraph 87.

88.     The allegations in paragraph 88 are not directed to the Riverstone Defendants and consist of legal conclusions, and no response is required.  To the extent a response is required, the Riverstone Defendants refer to the SEC Release cited in paragraph 88 for a complete and accurate recitation of its contents and deny any allegations in paragraph 88 that are inconsistent therewith.

RIVERSTONE DEFENDANTS' ANSWER                                                                23

The Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of what is known in the underwriting industry. The Riverstone Defendants deny any remaining allegations in paragraph 88.

89.     The allegations in paragraph 89 are not directed to the Riverstone Defendants and consist of legal conclusions, and no response is required. To the extent a response is required, the Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of what is known in the underwriting industry and what investors infer from offering documents. The Riverstone Defendants deny any remaining allegations in paragraph 89.

90.     The allegations in paragraph 90 are not directed to the Riverstone Defendants and consist of legal conclusions, and no response is required. To the extent a response is required, the Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of what underwriters do or should do in other offerings. The Riverstone Defendants deny any remaining allegations in paragraph 90.

91.     The allegations in paragraph 91 are not directed to the Riverstone Defendants and no response is required. To the extent a response is required, the Riverstone Defendants deny the allegations in paragraph 91.

92.     The allegations in paragraph 92 consist of legal conclusions or a characterization of Plaintiff's claims to which no response is required. To the extent a response is required, the Riverstone Defendants admit that Liberty completed its IPO on January 17, 2018 and that Liberty issued the Offering Documents in connection with the IPO. The Riverstone Defendants admit that Plaintiff purports to bring the claims described in paragraph 92. The Riverstone Defendants deny any remaining allegations in paragraph 92 and deny that this case is appropriate for class treatment.

93.    The allegations in paragraph 93 consist of legal conclusions to which no response is required.  To the extent a response is required, the Riverstone Defendants deny knowledge as to what Plaintiff believes.  The Riverstone Defendants deny any remaining allegations in paragraph 93 and deny that this case is appropriate for class treatment.

94.    The allegations in paragraph 94 consist of legal conclusions to which no response is required.  To the extent a response is required, the Riverstone Defendants deny the allegations in paragraph 94 and deny that this case is appropriate for class treatment.

95.    The allegations in paragraph 95 consist of legal conclusions to which no response is required.  To the extent a response is required, the Riverstone Defendants deny the allegations in paragraph 95 and deny that this case is appropriate for class treatment.

96.    The allegations in paragraph 96 consist of legal conclusions or a characterization of Plaintiff's claims to which no response is required.  To the extent a response is required, the Riverstone Defendants deny the allegations in paragraph 96 and deny that this case is appropriate for class treatment.

97.    The allegations in paragraph 97 consist of legal conclusions to which no response is required.  To the extent a response is required, the Riverstone Defendants deny the allegations in paragraph 97 and deny that this case is appropriate for class treatment.

98.    The allegations in paragraph 98 are not directed to the Riverstone Defendants and no response is required.  To the extent a response is required, the Riverstone Defendants incorporate by reference the foregoing responses to Plaintiff's allegations.

99.    The allegations in paragraph 99 are not directed to the Riverstone Defendants and consist of legal conclusions or a characterization of Plaintiff's claims, and no response is required.

To the extent a response is required, the Riverstone Defendants admit that Plaintiff purports to bring the claims described in paragraph 99.

100. The allegations in paragraph 100 are not directed to the Riverstone Defendants and no response is required. To the extent a response is required, denied.

101. The allegations in paragraph 101 are not directed to the Riverstone Defendants and no response is required. To the extent a response is required, denied.

102. The allegations in paragraph 102 are not directed to the Riverstone Defendants and no response is required. To the extent a response is required, denied.

103. The allegations in paragraph 103 are not directed to the Riverstone Defendants and no response is required. To the extent a response is required, denied.

104. The allegations in paragraph 104 are not directed to the Riverstone Defendants and no response is required. To the extent a response is required, the Riverstone Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104.

105. The allegations in paragraph 105 are not directed to the Riverstone Defendants and no response is required. To the extent a response is required, denied.

106. The allegations in paragraph 106 are not directed to the Riverstone Defendants and no response is required. To the extent a response is required, denied.

107. No response to paragraph 107 is required because the Court has held that Plaintiff's Section 12 claims fail to state a claim for relief, and the allegations are not directed to the Riverstone Defendants. To the extent a response is required, the Riverstone Defendants incorporate by reference the foregoing responses to Plaintiff's allegations.

108.     No response to paragraph 108 is required because the Court has held that Plaintiff's Section 12 claims fail to state a claim for relief, and the allegations are not directed to the Riverstone Defendants.  To the extent a response is required, the Riverstone Defendants deny the allegations in paragraph 108.

109.     No response to paragraph 109 is required because the Court has held that Plaintiff's Section 12 claims fail to state a claim for relief, and the allegations are not directed to the Riverstone Defendants.  To the extent a response is required, the Riverstone Defendants deny the allegations in paragraph 109.

110.     No response to paragraph 110 is required because the Court has held that Plaintiff's Section 12 claims fail to state a claim for relief, and the allegations are not directed to the Riverstone Defendants.  To the extent a response is required, the Riverstone Defendants refer to the Offering Documents for a complete and accurate recitation of their contents and deny any allegations in paragraph 110 that are inconsistent with the Offering Documents.  The Riverstone Defendants deny the Offering Documents contained untruths or omissions.  The Riverstone Defendants deny any remaining allegations in paragraph 110.

111.     No response to paragraph 111 is required because the Court has held that Plaintiff's Section 12 claims fail to state a claim for relief, and the allegations are not directed to the Riverstone Defendants.  To the extent a response is required, the Riverstone Defendants deny the allegations in paragraph 111.

112.     No response to paragraph 112 is required because the Court has held that Plaintiff's Section 12 claims fail to state a claim for relief, and the allegations are not directed to the

**RIVERSTONE DEFENDANTS' ANSWER**                                                                            **27**

Riverstone Defendants. To the extent a response is required, the Riverstone Defendants deny the allegations in paragraph 112.

113. The Riverstone Defendants incorporate by reference the foregoing responses to Plaintiff's allegations.

114. The allegations in paragraph 114 consist of legal conclusions or a characterization of Plaintiff's claims to which no response is required. To the extent a response is required, the Riverstone Defendants admit that Plaintiff purports to bring the claims described in paragraph 114.

115. The allegations in paragraph 115 consist of legal conclusions or a characterization of Plaintiff's claims to which no response is required. To the extent a response is required, the Riverstone Defendants admit that the Individual Defendants served on Liberty's board and/or were executives at Liberty at various times, and that the Riverstone Defendants owned Liberty stock at various times. The Riverstone Defendants deny any remaining allegations in paragraph 115.

116. Denied, except no response to paragraph 116's allegations regarding Section 12 is required because the Court has held that Plaintiff's Section 12 claims fail to state a claim for relief.

117. Denied.

The Riverstone Defendants deny that this action may be maintained as a class action and that Plaintiff is an appropriate class representative, and deny that Plaintiff or members of the putative class are entitled to judgment and the requested relief, or any relief, against the Riverstone Defendants. The Riverstone Defendants request that the Court dismiss all claims against them with prejudice and order such further relief as the Court deems just and proper.

The Riverstone Defendants admit that Plaintiff purports to demand a jury trial.

**RIVERSTONE DEFENDANTS' ANSWER**                                                    **28**

## AFFIRMATIVE DEFENSES

The Riverstone Defendants state the following defenses and reserve their right to assert other and additional defenses, crossclaims, and third-party claims not asserted herein of which they become aware through discovery or other investigation as may be appropriate at a later time.  In asserting these defenses, the Riverstone Defendants do not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiff and members of the putative class.

## FIRST DEFENSE

Plaintiff's and members of the putative class' claims are barred in whole or in part because any depreciation in the market price of Liberty's common stock resulted from factors other than the purported misstatements or omissions alleged in the Complaint, and the Riverstone Defendants were not the cause of any alleged injury or loss or damages alleged in the Complaint.

## SECOND DEFENSE

Plaintiff's and members of the putative class' claims are barred in whole or in part because Plaintiff and members of the putative class had actual or constructive knowledge of some or all of the facts alleged in the Complaint upon which the Riverstone Defendants' liability is asserted at the time Plaintiff and members of the putative class purchased Liberty securities at issue in this litigation.

## THIRD DEFENSE

The Riverstone Defendants are not liable to Plaintiff and members of the putative class in connection with any purchase of securities offered in the IPO that (i) were not offered in the United States pursuant to the Offering Documents, or (ii) were not sold or purchased in the United States.

## FOURTH DEFENSE

Plaintiff's and members of the putative class' claims are barred by the statute of limitations because Plaintiff and members of the putative class were on inquiry notice of the claims giving rise to the Complaint more than one year prior to the filing of the Complaint.

## FIFTH DEFENSE

Members of the putative class' claims are barred by the statute of repose because such claims will not have been brought until more than three years after the date of the IPO.

## SIXTH DEFENSE

Control person liability is barred because the Riverstone Defendants had no knowledge of or reasonable grounds to believe in the existence of facts by reason of which liability is alleged to exist.

## SEVENTH DEFENSE

Plaintiff's and members of the putative class' claims are barred by their failure to mitigate damages to the extent any Plaintiff or member of the putative class continued to hold Liberty shares acquired in or traceable to the IPO at times following the filing of this litigation when Liberty's stock price was higher than the IPO price.

## EIGHTH DEFENSE

The Riverstone Defendants adopt by reference any defense pled by any other defendant not expressly set forth herein to the extent applicable to any Riverstone Defendant.

Dated: August 25, 2021

Respectfully submitted,

*/s/ R. Thaddeus Behrens*

Lee F. Johnston, No. 27897
HAYNES AND BOONE, LLP
1050 17th Street, Suite 1800
Denver, Colorado 80265
Phone: 303.382.6200
Fax: 303.382.6210
lee.johnston@haynesboone.com

R. Thaddeus Behrens
Daniel H. Gold
Matthew A. McGee
Benjamin G. Goodman
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Phone: 214.651.5000
Fax: 214.651.5940
thad.behrens@haynesboone.com
daniel.gold@haynesboone.com
matt.mcgee@haynesboone.com
benjamin.goodman@haynesboone.com

*Attorneys for Riverstone Defendants*

## CERTIFICATE OF SERVICE

I certify that on August 25, 2021, a copy of the foregoing document was filed and served via the CM/ECF system on all parties of record.

*/s/ R. Thaddeus Behrens*
R. Thaddeus Behrens

*Attorney for Riverstone Defendants*