# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:20-cv-00946-RM-NYW

CIPRIANO CORREA, et al., Individually and on Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

LIBERTY OILFIELD SERVICES INC., et al.,

    Defendants.

---

## [PROPOSED] STIPULATED PROTECTIVE ORDER

---

The Court, having reviewed the Stipulated Protective Order submitted by Plaintiffs and Defendants (the "Parties" and each a "Party"), being fully apprised in the premises, and good cause appearing therefor, hereby enters the following Order:

1. Anything filed with the Court in this action will be presumed to be public information unless filed pursuant to paragraph 15 of this Order. The Parties' treatment of material produced in this action is otherwise governed by this Order.

2. "Confidential Information" means any document, thing, testimony or other information that is designated as "Confidential" or "Highly Confidential" under this Order. Such designation may be made by any Party, or by any non-party that produces Confidential Information in this action ("Designating Party"), and the provisions herein shall apply to all information so designated. Any Party or non-party that produces Confidential Information in this action is a "Producing Party," and any Party receiving Confidential Information from a Producing Party is a "Receiving Party." Any Party issuing a subpoena to a non-party will enclose a copy of this Order.

- 1 -

3.      As used in this Order and consistent with Federal Rule of Civil Procedure 34(a)(1)(A), the term "information" means all written material, electronic data, videotapes, and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, by secure electronic transmission, hard drive or otherwise).

4.      Information may be designated as "Confidential" when the Designating Party, after review by counsel of record, believes in good faith that the information is entitled to protection that may consist of, but is not limited to:

a.      non-public financial information, business communications, business plans, product development, research information, marketing plans, commercially sensitive information, or trade secrets that have been maintained as confidential;

b.      information of a personal or intimate nature regarding any individual;

c.      information entitled to confidential treatment under the Federal Rules of Civil Procedure or other applicable laws or regulations, including information that is subject to U.S. or foreign privacy, data protection or secrecy laws;

d.      information that is subject to a contractual right of privacy;

e.      information that the Producing Party is under a preexisting obligation to a third-party to treat as confidential;

f.      information that the Producing Party has in good faith been requested by another Party or Non-Party to so designate on the grounds that such other Party or Non-Party considers such material to contain information that is confidential or proprietary to such Party or Non-Party; or

g.      any other category of information hereinafter given confidential status by the Court.

5.      Information may be designated as "Highly Confidential" when the Designating Party believes in good faith that the information is entitled to protection under paragraph 4 and is highly sensitive, the disclosure of which would create a substantial risk of significant harm.

6.      Confidential Information shall be designated as follows:

a.      To designate a document as Confidential Information, the Producing Party must mark the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the document in such a way that it does not obscure the text or other content of the document.

b.      To designate a thing other than a document as Confidential Information, the Producing Party must mark the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the thing, or, if that is not practicable, on the packaging of the thing and must communicate the confidential nature of the thing to the Receiving Party in a written communication.

c.      To designate testimony as Confidential Information, a Party must, either on the record or within thirty (30) business days after the final transcript is received by counsel, indicate that the transcript, or a portion thereof, contains "Confidential" or "Highly Confidential" information. Prior to the expiration of such 30-day period, all testimony reflected in the transcript shall be treated as though it had been designated "Highly Confidential." To the extent practicable, transcripts containing Confidential Information must bear the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the title page and the title page shall be followed by a list of all pages that have been designated as "Confidential" or "Highly Confidential."

- 3 -

d.    A Receiving Party may designate information as "Confidential" or "Highly Confidential," after good faith review by counsel of record, by providing notice to all Parties and identifying the materials to be designated by production Bates number, or in the event the materials do not contain production Bates numbers, other detail sufficient to identify the specific document, testimony, or other information.

7.    If a Party disagrees with the designation of any information as "Confidential" or "Highly Confidential," the Party will notify the Designating Party in writing and identify the challenged information with specificity and the specific grounds for the objection. If disputes regarding the claim of confidentiality are not promptly resolved, the Party challenging the designation may seek relief from the Court. All briefing on any such motion shall be subject to the provisions contained in paragraph 15 of this Order. Pending resolution of the dispute, through the parties' agreement or Court order, the Parties may retain possession of the disputed information, but shall treat it in accordance with its confidentiality designation under the terms of the Order.

8.    Information designated as "Confidential" or "Highly Confidential" and any copies thereof shall be maintained as confidential pursuant to this Order and only disclosed to persons specified in paragraph 9 or paragraph 10, respectively. The Parties shall hold such information in confidence and take all reasonable steps to maintain such confidentiality. Confidential Information shall be used only for prosecuting, defending, or attempting to settle this litigation, subject to the limitations set forth herein, and shall not, directly or indirectly, be used for any other purpose. Confidential Information shall not, directly or indirectly, be used in any other action, judicial proceeding, or administrative proceeding without either the written consent of the Designating Party or an order of this Court. Confidential Information shall not, directly or indirectly, be transferred, disclosed, or communicated in any way other than as expressly set forth in this Order.

- 4 -

However, nothing in this Order shall restrict or limit a Party's use or disclosure of its own Confidential Information.

9.    Information designated as "Confidential" shall be disclosed only to the following persons, subject to paragraph 11:

a.    Counsel for the Parties;

b.    Paralegals and staff employed by Counsel and involved in the preparation and/or trial of this action;

c.    Parties and current officers, directors, board members, or employees of a Party, including in-house counsel;

d.    Court reporters (including audio and video) and copy services;

e.    The Court, the Court's staff, in-court witnesses, and the jury in this case;

f.    Vendors hired by a Party to host data and maintain a database of electronic data or perform other work related to the collection, review, production or copying of documents in the case and other professional vendors to whom disclosure is reasonably necessary for this action;

g.    Experts and non-attorney consultants or investigators retained by a Party for the preparation and/or trial of this case;

h.    Witnesses who have a reasonable need to see the Confidential information in order to prepare for a deposition, hearing, or trial, or to provide testimony by affidavit or at a deposition, hearing, or trial, as well as counsel for such witnesses;

i.    Any mediator agreed upon by the Parties or appointed by the Court to mediate this action;

j.      Any insurance carrier that may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment; and

k.      Other persons only upon written consent of the Designating Party or upon order of the Court, on such conditions as are agreed to or ordered.

10.     Information designated as "Highly Confidential" shall be disclosed only to the following persons, subject to paragraph 11:

a.      Counsel for the Parties;

b.      Paralegals and staff employed by Counsel and involved in the preparation and/or trial of this action;

c.      In-house counsel for the Parties;

d.      The Court, the Court's staff, in-court witnesses, and the jury in this case;

e.      Court reporters (including audio and video) and copy services;

f.      Vendors hired by a Party to host data and maintain a database of electronic data or perform other work related to the collection, review, production or copying of documents in the case and other professional vendors to whom disclosure is reasonably necessary for this action;

g.      Experts and non-attorney consultants or investigators retained by a Party for the preparation and/or trial of this case;

h.      Witnesses who were copied on or have already known or seen the information designated as Highly Confidential and have a reasonable need to see the information designated as Highly Confidential in order to prepare for a deposition, hearing, or trial, or to

- 6 -

provide testimony by affidavit or at a deposition, hearing, or trial, as well as counsel for such witnesses;

       i.     Any mediator agreed upon by the Parties or appointed by the Court to mediate this action; and

       j.     Other persons only upon written consent of the Designating Party or upon order of the Court, on such conditions as are agreed to or ordered.

11.     Before receiving access to any Confidential Information, each person described in paragraph 9(f)-(k) or paragraph 10(f)-(j) above shall execute an "Acknowledgment and Agreement to be Bound" in the form contained in Exhibit A, attached hereto.

12.     No information that is in the public domain or already known to the Receiving Party prior to receiving it from a Producing Party shall be deemed or considered to be Confidential Information under this Order.

13.     To the extent that the jury members are provided with Confidential Information during trial, the Parties will ask the Court to issue an instruction that the jurors shall maintain the confidentiality of such material and will thereafter be subject to discipline by the Court should they violate the instruction.

14.     To the extent that Confidential Information is used in written discovery, depositions, other pretrial discovery or testimony, and/or at a hearing or trial, it shall remain subject to the provisions of this Order, including any transcript pages dealing with, referring to, or referencing the Confidential Information, unless otherwise ordered by the court.

15.     All documents that are filed with the Court that contain Confidential Information shall be filed in the first instance as restricted documents with a motion to restrict pursuant to D.C.COLO.LCivR 7.2.

~~If required by the Court, the Designating Party that has designated the subject material as Confidential Information shall provide the basis for such designation and shall otherwise support the confidential treatment of the material (including the possibility of identifying appropriate redactions to the documents containing Confidential Information).~~ Absent written permission from the Designating Party or an order of the Court, a Party may not file in the public record any Confidential Information.  <u>The court will consider any motions to restrict in accordance with D.C.COLO.LCivR 7.2 and the applicable Rules and legal authority.  Nothing in this Order may be construed as restricting any documents and/or information from the public record.</u>

16.    As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and at least 72 hours prior to the use of any Confidential Information at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Confidential Information at trial or in any hearing to be held in open court shall meet and confer in good faith with the Designating Party together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways to redact the Confidential Information so that the material may be offered or otherwise used by any Party. If the Parties are unable to resolve a dispute related to such Confidential Information, then the Party seeking to use the Confidential Information at trial or any hearing held in open court bears the burden of requesting relief from the Court without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of the Confidential Information at trial or any hearing held in open court.

17.    Within sixty (60) days after the final conclusion of this case and upon written request of the Producing Party, counsel for the Parties who received Confidential Information shall either (a) return to the Producing Party all of the Confidential Information, and any copies thereof,

- 8 -

or (b) securely destroy the Confidential Information, and any copies thereof, and provide confirmation to the Producing Party of such destruction.

18.     The disclosure of Confidential Information pursuant to discovery or the procedures set forth in this Order shall not constitute a waiver of any trade secret, any intellectual property, or any proprietary interest, privilege, confidentiality, or other rights to or in such information.

19.     Disclosure or production of documents or information containing Confidential Information that should have been, but was not, designated as "Confidential" or "Highly Confidential" before production to the Receiving Party shall not be deemed a waiver in whole or in part of the claims of confidentiality in this or any other matter in any other jurisdiction, unless otherwise ordered by the Court. In the event that Confidential Information is disclosed without a marking or designating it as "Confidential" or "Highly Confidential," a Designating Party may thereafter assert a claim or designation of confidentiality, and promptly provide replacement copies. Thereafter, the Receiving Party must immediately destroy or return the original, unmarked copies of the Confidential Information and all copies of the same to the Producing Party and make no use of such unmarked copies and treat the replacement copies as designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order.

20.     This Order is entered, in part, pursuant to Rule 502(d) of the Federal Rules of Evidence. If a Producing Party inadvertently discloses information that the Producing Party thereafter claims to be privileged or work product protected ("Privileged Information"), the disclosure shall not constitute or be deemed a waiver in this proceeding or in any other federal or state proceeding of any claim of privilege or work product protection that the Producing Party

- 9 -

would otherwise be entitled to assert. This Order shall be interpreted to provide the maximum protection allowed by Rule 502(d) of the Federal Rules of Evidence.

21.     The Parties agree to adhere to the following procedures with regard to the production of Privileged Information, should that occur:

a.     In the event that a Receiving Party discovers a document or information it reasonably believes to be privileged or otherwise subject to another designated protection, the Receiving Party shall promptly notify the Producing Party of such document, identified by Bates number.

b.     A Producing Party may assert in writing privilege or work product protection with respect to the Privileged Information.

c.     The Receiving Party must promptly comply with Federal Rule of Civil Procedure 26(b)(5)(B).

22.     If, at any time, any Receiving Party is served with a subpoena or other request calling for Confidential Information with which it has an obligation to comply by any court, administrative or legislative body, or other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed, to the extent permitted by law, must promptly give written notice to the Designating Party and include with the notice a copy of the subpoena or request. The person to whom the subpoena is directed mustalso make reasonable, good-faith efforts to provide the Designating Party a reasonable period of time in which to seek to quash or object to the subpoena or request, or to move for any protection for the Confidential Information, before the person to whom the subpoena is directed takes any action to comply with the subpoena or request. In no event may Confidential Information subject to this

Order be produced by a person receiving a subpoena or request without providing the Designating Party a reasonable opportunity to quash or object, absent a court order to do so.

23.    Nothing in this Order shall be deemed to preclude any Party from seeking additional protection by motion with the Court as to specific documents or categories of documents. In the event that a Party believes that specific documents or categories of documents require additional protection, that Party shall not be required to produce such documents until after the Court has ruled on its motion.

24.    Nothing in this Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible.  Each Party maintains its right to object to the use or admissibility of all Confidential Information pursuant to applicable law and rules.

25.    This Order may not be waived, modified, abandoned, or terminated, in whole or part, except by an instrument in writing signed by the Parties. If any provision of this Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

26.    After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the Parties and recipients of the Confidential Information for enforcement of the provisions of this Order following termination of this litigation.

27.    This Order shall be binding upon the Parties and recipients of the Confidential Information, upon their attorneys, and upon any of the foregoing's successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**IT IS SO ORDERED**, with the consent of the parties.

**DATED** at Denver, Colorado, this 4th day of January, 2022.

BY THE COURT:

_____
Hon. Nina Y. Wang
United States Magistrate Judge

**STIPULATED, CONSENTED, and AGREED TO:**

/s/ Yu Shi
_____
Yu Shi
Laurence Rosen
Michael Cohen
THE ROSEN LAW FIRM, P.A.
275 Madison Ave., 40th Floor
New York, NY 10016
Phone: (212) 686-1060
Fax: (212) 202-3827
yshi@rosenlegal.com
lrosen@rosenlegal.com
mcohen@rosenlegal.com

*Attorneys for Plaintiffs*

/s/ Lee F. Johnston
_____
Lee F. Johnston, No. 27897
HAYNES AND BOONE, LLP
1050 17th Street, Suite 1800
Denver, Colorado 80265
Phone: 303.382.6200
Fax: 303.382.6210
lee.johnston@haynesboone.com

R. Thaddeus Behrens
Daniel H. Gold
Matthew A. McGee
SHEARMAN & STERLING LLP
2828 N. Harwood Street, Suite 1800
Dallas, Texas 75201
Phone: 214.271.5777
thad.behrens@shearman.com
dan.gold@shearman.com
matt.mcgee@shearman.com

Benjamin G. Goodman
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Phone: 214.651.5000
Fax: 214.651.5940
benjamin.goodman@haynesboone.com

*Attorneys for Liberty, the Individual
Defendants, and the Riverstone Defendants*

*/s/ William Leone*
William Leone
NORTON ROSE FULBRIGHT US LLP
1225 Seventeenth Street, Suite 3050
Denver, Colorado 80202
Phone: 303.801.2750
william.leone@nortonrosefulbright.com

Brian S. Weinstein
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Phone: 212.450.4972
Fax: 212.701.5972
brian.weinstein@davispolk.com

*Attorneys for the Underwriter Defendants*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:20-cv-00946-RM-NYW

CIPRIANO CORREA, et al., Individually and on Behalf of All Others Similarly Situated,

     Plaintiffs,

v.

LIBERTY OILFIELD SERVICES INC., et al.,

     Defendants.

---

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

---

     I, _____, declare that:

     I have received a copy of the Stipulated Protective Order entered on _____ (the "Order") in the action entitled *Cipriano Correa v. Liberty Oilfield Services Inc.*, No. 1:20-cv-00946-RM-NYW (D. Colo.). I have read and understand its provisions.

     I will comply with all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not use for purposes other than for this action, any information designated "Confidential" or "Highly Confidential" that I receive in this action, except as otherwise permitted under the Order.

     For purposes of enforcing the Order, I consent to the jurisdiction of the United States District Court for the District of Colorado.

     I acknowledge that a violation of the Order may result in penalties for contempt of court.

Date: _____         _____
                                         Signature