# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-CV-00946-RM-NYW

CIPRIANO CORREA and MARC JOSEPH, Individually and on Behalf of All Others Similarly Situated,

        Plaintiffs,

    v.

LIBERTY OILFIELD SERVICES INC., CHRISTOPHER A. WRIGHT, MICHAEL STOCK, CARY D. STEINBECK, WILLIAM F. KIMBLE, PETER A. DEA, N. JOHN LANCASTER, JR., BRETT STAFFIERI, KEN BABCOCK, JESAL SHAH, MORGAN STANLEY & CO. LLC, GOLDMAN SACHS & CO. LLC, WELLS FARGO SECURITIES, LLC, CITIGROUP GLOBAL MARKETS INC., J.P. MORGAN SECURITIES LLC, EVERCORE GROUP L.L.C., PIPER SANDLER & CO., TUDOR, PICKERING, HOLT & CO. SECURITIES, LLC, HOULIHAN LOKEY CAPITAL, INC., INTREPID PARTNERS, LLC, PETRIE PARTNERS SECURITIES, LLC, SUNTRUST ROBINSON HUMPHREY, INC., R/C ENERGY IV DIRECT PARTNERSHIP, L.P., and R/C IV LIBERTY HOLDINGS, L.P.,

        Defendants.

---

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO THE LIBERTY AND RIVERSTONE DEFENDANTS' FIRST SET OF INTERROGATORIES

---

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Federal Rules"), Lead Plaintiff Cipriano Correa and named plaintiff Marc Joseph ("Plaintiffs"), by and through their undersigned attorneys, The Rosen Law Firm, P.A., hereby respond and object to the Defendants Liberty Oilfield Services Inc. ("Liberty"), Christopher A. Wright, Michael Stock, Cary D. Steinbeck, William F. Kimble, Peter A. Dea, N. John Lancaster, Jr., Brett Staffieri, Ken Babcock, Jesal Shah, R/C Energy IV Direct Partnership, L.P., and R/C IV Liberty Holdings, L.P., (collectively, the "Liberty and Riverstone Defendants") First Set of Interrogatories (the "Interrogatories"), served on October 8, 2021, as follows:

## **PRELIMINARY STATEMENT**

Plaintiffs' answers and objections to the Interrogatories, set forth below, are provided without prejudice to Plaintiffs' rights at trial or other proceedings, and Plaintiffs therefore reserve their right to object to: (a) the use of these answers and objections on the basis of privilege, relevancy, materiality, admissibility, or any other applicable objection; and/or (b) any other demand for discovery involving or relating to the matters raised in the Interrogatories or the information or the documents produced in response to the Interrogatories. Additionally, Plaintiffs' answers and objections to the Interrogatories are made based on information and documents in Plaintiffs' possession, custody, or control at the time of service of these answers and objections, and Plaintiffs reserve the right to supplement or modify their answers based upon any information or documents that may later be recalled, discovered, or produced.

No incidental or implied admissions are intended in these answers. Plaintiffs' answers to all or any part of the Interrogatories should not be taken as an admission that: (i) Plaintiffs accept or admit the existence of any fact(s) set forth or assumed by the Interrogatory; (ii) Plaintiffs have in their possession, custody, or control any information responsive to the Interrogatory; or (iii) Plaintiffs' answers constitute admissible evidence. Plaintiffs' answers to all or any part of any Interrogatory are not intended to be, and shall not be, a waiver by Plaintiffs of all or any part of their objection(s) to that Interrogatory.

## **GENERAL OBJECTIONS**

1.      Plaintiffs object to the Interrogatories to the extent that they purport to impose obligations upon Plaintiffs that are greater than or beyond those required under the Federal Rules of Civil Procedure and the Local Rules of this District. Any responses to the Interrogatories will comply with the requirements of the Federal Rules of Civil Procedure and the Local Rules.

2.    Plaintiffs object to the Interrogatories to the extent that they seek discovery of information or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.  Plaintiffs will not produce protected or privileged information.  Plaintiffs' answers to the Interrogatories are not intended to, nor shall operate as, a waiver by Plaintiffs, either intentionally or unintentionally, of the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

3.    Plaintiffs object to the Interrogatories to the extent that they call for a legal conclusion or premature expert discovery.

4.    Plaintiffs object to the Interrogatories to the extent that they seek documents or information that are already in Defendants' possession, custody, or control, or to the extent that the information or documents sought may be derived from publicly available information, where the burden of deriving the responsive information is substantially the same for Defendants as it is for Plaintiffs.

5.    Plaintiffs' Objections and Responses are based upon Plaintiffs' understanding of the Interrogatories and the specific language employed by Defendants.  To the extent it may later be determined that any of the Interrogatories were intended to be construed in a manner different from Plaintiffs' interpretation at the time of service of these responses, Plaintiffs reserve the right to amend these responses.

6.    The responses below are based on Plaintiffs' knowledge as of the date these Objections and Responses are served.  Plaintiffs note that discovery has just commenced and reserve the right to supplement, revise, correct, add to, clarify, or amend the objections, answers, or responses set forth herein.

7.    Plaintiffs object to Defendants' definition of the term "You" or "your" to the extent

they include Plaintiffs' attorneys, which makes these Interrogatories overbroad and unduly burdensome, and improper insofar as they seek information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrines.

8.      Plaintiffs provide these responses and any information and documents without waiver of, or prejudice to, the right at any later time to raise objections to: (a) the competence, relevance, materiality, privilege, or admissibility of any information or document provided or produced pursuant to the responses and answers below; or (b) any other demand for discovery involving or relating to the matters raised in the Interrogatories or the information or the documents produced in response to the Interrogatories.

9.      All of Plaintiffs' General Objections shall be deemed applicable to each of the responses to the specific Interrogatories set forth below, even when not referred to in those responses.

10.      Plaintiffs believe that the answers below provide Defendants with all of the requested information in Plaintiffs' possession except where subject to an objection.  Plaintiffs, however, are willing to meet and confer (through counsel) if Defendants so desire.

## RESPONSES AND SPECIFIC OBJECTIONS

**INTERROGATORY NO. 1:**

Identify each of the Former Employees referenced in the Complaint, including each individual's full name and contact information.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiffs incorporate their General Objections by reference.  Plaintiffs object to this Interrogatory as it seeks information protected by the attorney-client privilege, work product protection, and similar applicable privileges or protections. Plaintiffs further object to this

Interrogatory on the grounds that it seeks information, particularly the names of persons formerly employed by Defendants, that is already in Defendants' possession and/or otherwise available to Defendants from another source that is more convenient, less burdensome, or less expensive. Plaintiffs further object that there is not yet a Protective Order in place. Subject to and without waiving their objections, Plaintiffs are prepared to meet and confer regarding Plaintiffs' objections to this Interrogatory and the nature and scope of the information sought by this Interrogatory after there is a Protective Order in place.

**INTERROGATORY NO. 2:**

Describe each transaction in which You purchased, acquired, sold, or transferred any securities of Liberty or in which any Liberty security was purchased, acquired, sold, or transferred on Your behalf, including but not limited to the transaction date, the price at which each share of Liberty security was purchased, acquired, sold, or transferred, the type of transaction, and the number of shares of Liberty securities transacted.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs incorporate their General Objections by reference. Plaintiffs object to this Interrogatory as it is compound, vague, overbroad as to time period, and that there is a more practical method to obtain the information requested. Plaintiffs state their transactions in Liberty securities are reflected in their account documentation that they will produce to Liberty, and such documentation shows the dates, types, quantities and prices associated with Plaintiffs' transactions in Liberty securities.

**INTERROGATORY NO. 3:**

Describe in detail, for each transaction or contemplated transaction in any Liberty security by You, on Your behalf, or at Your direction, (a) any information on which You or anyone acting

on Your behalf received, reviewed, relied upon, or prepared in connection with each such transaction; (b) any research, due diligence, investigation or analysis performed by You or on Your behalf in connection with each such transaction; (c) the risks actually or potentially considered in investing in any Liberty securities; and (d) the reasons You entered into or contemplated each such transaction, including reasons relating to any decision of Yours not to invest in any Liberty security.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs incorporate their General Objections by reference.  Plaintiffs object to this Interrogatory as it is compound, vague, ambiguous and overbroad as to time period.  Subject to and without waiving their objections, Plaintiff Cipriano responds that he reviewed information on the MSN search engine and the news.  Plaintiff Joseph cannot remember his sources of information.

**INTERROGATORY NO. 4:**

For each transaction responsive to Interrogatories No. 2 and 3, identify each person involved in the transaction, including but not limited to each person from whom You acquired Liberty securities, each person to whom you sold Liberty securities, each person to whom You otherwise transferred Liberty securities, and each broker involved in the transaction.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs incorporate their General Objections by reference.  Plaintiffs object to this Interrogatory as it is compound, vague, ambiguous and overbroad as to time period.  All of Plaintiffs' transactions were completed on the NYSE with unknown counterparties.  Plaintiffs state their transactions in Liberty securities are reflected in their account documentation that they will produce to Liberty, and such documentation shows the brokerages that were involved in each of

Plaintiffs' transactions in Liberty securities.

**INTERROGATORY NO. 5:**

For each transaction whereby You acquired or sold Liberty securities that You contend You acquired pursuant to or traceable to the registration statement for Liberty's initial public offering, identify all persons responsible for advising You concerning the transaction, making Your investment decision concerning the transaction, or executing the transaction, including investment advisors, brokers, broker-dealers, and dealers.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiffs incorporate their General Objections by reference. Plaintiffs object to this Interrogatory as it is compound, vague, ambiguous and overbroad. Subject to and without waiving their objections, Plaintiff Cipriano states that it was his own decision to invest in Liberty securities, and that he did not rely on anyone else in making his decision to purchase or sell Liberty securities. Plaintiff Joseph also states that it was his own decision to invest in Liberty securities, and that he did not rely on anyone else in making his decision to purchase or sell Liberty securities.

**INTERROGATORY NO. 6:**

State whether you have ever participated in your counsel's portfolio monitoring program (including but not limited to the program described at https://www.rosenlegal.com/services-monitoring.html), and state the dates of any such participation.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs incorporate their General Objections by reference. Plaintiffs object to this Interrogatory as it seeks information protected by the attorney-client privilege, work product protection, and similar applicable privileges or protections. Plaintiffs further object to this Interrogatory on the grounds that it is vague, overbroad as to time period, and seeks information

unrelated to the claims or defenses at issue in this action.  Subject to and without waiving their objections, Plaintiffs Cipriano and Joseph state that they have not participated in their counsel's portfolio monitoring program.

Dated: November 4, 2021

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Laurence Rosen*
Laurence Rosen, Esq.
Yu Shi, Esq.
Michael Cohen, Esq.
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
lrosen@rosenlegal.com
yshi@rosenlegal.com
mcohen@rosenlegal.com

DocuSign Envelope ID: AD9FA78E-17EC-4D35-89BE-BF4B206E929F

## **VERIFICATION**

I have read the foregoing Plaintiffs' Objections and Responses to the Liberty and Riverstone Defendants' First Set of Interrogatories (the "Responses") and know the contents thereof. The matters set forth in these Responses are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 11/4/2021

DocuSigned by:

Cipriano Correa

4B9C0AEABA2B4EC...

Cipriano Correa

DocuSign Envelope ID: 39D134D8-A6D7-4A6A-92B2-533B926A2A8D

**VERIFICATION**

I have read the foregoing Plaintiffs' Objections and Responses to the Liberty and Riverstone Defendants' First Set of Interrogatories (the "Responses") and know the contents thereof. The matters set forth in these Responses are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 11/5/2021

DocuSigned by:

*Marc Joseph*

D5C213ECA39B437...

Marc Joseph

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2021, a true and correct copy of the

foregoing document was e-mailed to all counsel of record.


*/s/ Laurence Rosen*
Laurence Rosen