## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-CV-00946-RM-NYW

CIPRIANO CORREA et al., Individually and on Behalf of All Others Similarly Situated,

> Plaintiffs,

v.

LIBERTY OILFIELD SERVICES INC., et al.,

> Defendants.

---

## STIPULATION OF SETTLEMENT

---

This Stipulation of Settlement ("Stipulation") dated May 9, 2022 is entered into among (i) Lead Plaintiff Cipriano Correa ("Correa") and Named Plaintiff Marc Joseph ("Joseph" and with Correa, "Plaintiffs") on behalf of themselves and each of the Settlement Class Members, and (ii) Defendants Liberty Oilfield Services Inc. ("Liberty"); Christopher A. Wright, Michael Stock, Cary D. Steinbeck, William F. Kimble, Peter A. Dea, N. John Lancaster, Jr., Brett Staffieri, Ken Babcock, and Jesal Shah (collectively, the "Individual Defendants"); R/C Energy IV Direct Partnership, L.P. and R/C IV Liberty Holdings, L.P. (collectively, the "Riverstone Defendants"); and Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Wells Fargo Securities, LLC, Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Evercore Group L.L.C., Piper Sandler & Co., Tudor, Pickering, Holt & Co. Securities, LLC, Houlihan Lokey Capital, Inc., Intrepid Partners, LLC, Petrie Partners Securities, LLC, and SunTrust Robinson Humphrey, Inc. (n/k/a Truist Securities, Inc.) (collectively, the "Underwriter Defendants" and, together with Liberty, the

Individual Defendants, and the Riverstone Defendants, "Defendants"), by and through their respective counsel of record in this Action. This Stipulation is intended to fully, finally, and forever resolve, discharge, settle, and dismiss with prejudice the Action and all Settlement Class Claims, subject to the approval of the United States District Court for the District of Colorado (the "Court") and the terms and conditions as set forth herein. All capitalized terms not otherwise defined shall have the meaning ascribed to them in Section II.B herein.

## I.    THE LITIGATION

This is a putative class action alleging claims under the federal securities laws. For purposes of this Settlement only, the Settlement Class is defined in Section II.B herein, and the Parties intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event that the Settlement does not become Effective.

### A.    Procedural History of the Litigation

This Action began on April 3, 2020, when Joseph filed a putative securities class action complaint in this Court against Defendants alleging claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"). Dkt. No. 1.

On August 7, 2020, the Court appointed Correa as Lead Plaintiff and The Rosen Law Firm, P.A. as Lead Counsel. Dkt. No. 48.

On August 31, 2020, Correa filed the Amended Class Action Complaint For Violations of the Federal Securities Laws ("Complaint"). Dkt. No. 52.

On September 14, 2020, Defendants filed their letter expressing their intention to move to dismiss the Complaint. Dkt. No. 53. Correa filed a letter in response on September 22, 2020. Dkt. No. 54.

2

On October 8, 2020, Defendants filed their motion to dismiss the Complaint. Dkt. No. 64. Correa filed his opposition brief on November 23, 2020. Dkt. No. 71. Defendants filed their reply on December 16, 2020. Dkt. No. 75.

On July 12, 2021, the Court denied the motion to dismiss in part as to the Section 11 and Section 15 claims and granted the motion to dismiss as to the Section 12(a)(2) claim. Dkt. No. 80. On August 25, 2021, Defendants filed their answers to the Complaint. Dkt. Nos. 83 – 85.

On October 7, 2021, the Parties entered into a stipulation to amend the Complaint to add Joseph as a named plaintiff (Dkt. No. 86), which the Court granted on October 12, 2021. Dkt. No. 87. On October 13, 2021, Plaintiffs filed the operative Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint"). Dkt. No. 89. The Court ordered that Defendants need not separately answer the Amended Complaint and that Defendants' answers to the Complaint were deemed to be their answers to the Amended Complaint. Dkt. No. 87.

On October 26, 2021, the Action was reassigned from Judge R. Brooke Jackson to Judge Raymond P. Moore for all further proceedings. Dkt. No 93. On October 29, 2021, Magistrate Judge Nina Y. Wang was assigned to the case. Dkt. No. 98.

On November 1, 2021, Plaintiffs filed a motion for class certification. Dkt. No. 100. Defendants filed an opposition to the class certification motion on January 14, 2022. Dkt. No. 116. Plaintiffs filed their reply in further support of the motion for class certification on February 28, 2022. Dkt. No. 120.

### B.    Settlement Negotiations

In the fall of 2021, the Parties began discussing a potential mediation to resolve the Action.

On February 11, 2022, Plaintiffs, Liberty, and the Individual Defendants participated in a full-day mediation with Robert A. Meyer of JAMS. Prior to the mediation session, the Parties exchanged detailed mediation statements outlining their positions on liability and damages. While the Parties did not reach an agreement at the mediation, the Parties continued settlement negotiations in the weeks following the mediation with Mr. Meyer's continued assistance. On February 28, 2022, the Parties agreed to a "mediator's proposal" from Mr. Meyer and arrived at the Settlement.

### C.    Plaintiffs' Assessment of the Claims and Benefits of Settlement

While Plaintiffs believe that the claims asserted in the Amended Complaint have merit, Plaintiffs and Lead Counsel recognize the substantial risk in continuing litigation and are mindful of inherent problems of proof, possible defenses to the violations asserted in the Action, and possible limitations on damages. Plaintiffs and Lead Counsel, based upon their thorough evaluation, believe that the Settlement set forth in the Stipulation is in the best interests of the Settlement Class Members and that it confers substantial benefits upon the Settlement Class Members. Plaintiffs and Lead Counsel shall use their best efforts to obtain final Court approval of the Settlement.

### D.    Defendants' Denials of Wrongdoing and Liability

Defendants have denied, and continue to deny, *inter alia*, that they engaged in any wrongdoing of any kind, including, without limitation, that they committed any act or omission giving rise to any liability or violation of the law. Specifically, Defendants have denied, and continue to deny, each and all of the claims and contentions alleged in this Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in this Action. Defendants have further

denied, and continue to deny, that they violated or breached any law, regulation or duty owed to Plaintiffs or the Settlement Class, failed to disclose any material information to investors, or that their public statements were false or misleading, or that Plaintiffs and the Settlement Class suffered any damages or were harmed by the conduct alleged in the Action. Defendants have asserted, and continue to assert, that their conduct was at all times proper and in compliance with all applicable provisions of law. In addition, Defendants maintain that they have meritorious defenses to all of the claims alleged in the Action.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed as, deemed to be evidence of, or constitute an admission or finding of, any violation, fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted in this Action. Defendants are entering into this Stipulation solely to eliminate the burden and expense of further litigation. Defendants have concluded that it is desirable and beneficial that the Released Claims be fully and finally settled and that the Action be terminated in the manner and upon the terms and conditions set forth in this Stipulation.

## II.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

### A.    Introduction

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Class, and each of them, and Defendants, and each of them, by and through their respective undersigned counsel or attorneys of record, that, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released

Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of this Stipulation.

**B.     Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.0    "Action" means the case captioned *Correa, et al., v. Liberty Oilfield Services Inc., et al.*, 1:20-CV-00946-RM-NYW, pending in the United States District Court for the District of Colorado, and including any and all complaints filed in this Action.

1.1    "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim form in accordance with the requirements established by the Court and whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2    "CAFA Notice" means the proper notice of the Settlement pursuant to section 1715 of Title 28 of the United States Code.

1.3    "Claimant" means a Settlement Class Member who submits a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.4    "Claims Administrator" means Strategic Claims Services ("SCS"), the firm retained by Lead Counsel to administer the Settlement, including sending a mailed Notice to Settlement Class Members in the form of Exhibit A-4 hereto, or emailing Notice to Settlement Class Members, arranging for publication of Notice in the form of Exhibit A-3 hereto, processing claims, and performing such other administrative functions as are required under this Stipulation.

1.5    "Class Period" means the period from Liberty's January 11, 2018 initial public offering through April 3, 2020, inclusive.

6

1.6     "Court" means the United States District Court for the District of Colorado.

1.7     "Defendant Claims" means any and all counterclaims and bases for relief, whether known or Unknown Claims, that the Defendants could have raised in the Action against Plaintiffs, Lead Counsel, or any Settlement Class Member, whether arising under state, federal, common, or foreign law, that arise out of or are relate in any way to the institution, prosecution, or settlement of the claims against Defendants (except for claims to enforce the Settlement), including claims for violations of Fed. R. Civ. P. 11 or any other fee or cost-shifting claim.

1.8     "Defendants' Counsel" means Shearman & Sterling LLP, Davis Polk & Wardwell LLP, Haynes and Boone, LLP, and Norton Rose Fulbright US LLP.

1.9     "Effective" or "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.0 of the Stipulation have occurred and/or been met.

1.10    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

1.11    "Escrow Agent" means Strategic Claims Services or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

1.12    "Fee and Expense Application" shall have the definition as set forth herein in § II.H., *infra*.

1.13    "Fee and Expense Award" shall have the definition as set forth herein in § II.H., *infra*.

1.14   "Final," means, that (i) the Court has entered an order finally approving the Settlement in all material respects, including but not limited to certifying the Settlement Class defined herein for settlement purposes only, approving the scope of the Releases set forth herein, and entering the Judgment; and (ii) the time to appeal has expired or the Judgment has been affirmed in all respects in any appeal or review and is no longer subject to further appeal or review. However, the Settlement and the degree to which it is Final or Effective are expressly not conditioned upon the Court's approval of a Fee and Expense Award or compensatory award to Plaintiffs or any appeals solely related thereto.

1.15   "Judgment" means the Order and Final Judgment to be entered by the Court approving the Settlement, certifying the Settlement Class for settlement purposes only, approving the release of the Released Claims, and dismissing the Released Claims with prejudice and without costs to any Parties, substantially in the form attached hereto as Exhibit B or in similar form adopted by the Court.

1.16   "Lead Counsel" means The Rosen Law Firm, P.A.

1.17   "Net Settlement Fund" means the Settlement Fund less any Taxes and Tax Expenses, any Fee and Expense Award, any compensatory award to Plaintiffs approved by the Court, and Notice and Administration Costs.

1.18   "Notice" means collectively, the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice"), the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), and the Postcard Notice, which are to be made available to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4 on the Claims Administrator's website and/or mailed or emailed to Settlement Class Members.

1.19    "Notice and Administration Costs" means the costs and expenses reasonably and actually incurred by, and the reasonable fees charged by, the Claims Administrator in connection with notice dissemination and claims administration upon presentation of customary invoices therefor, which invoices have been approved by Lead Counsel, including, without limitation: the cost of identifying and locating members of the Settlement Class; mailing Postcard Notice and publishing the Summary Notice (such amounts shall include, without limitation, the actual costs of publication in national newswires, printing and mailing the Postcard Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting claims from Settlement Class Members, assisting with the filing of claims, processing Proof of Claim and Release Forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any.

1.20    "Parties" means Plaintiffs, on behalf of themselves and the Settlement Class Members, and Defendants.

1.21    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and for each of them their respective heirs, successors-in-interest, or assigns.

1.22    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants, to be designed by Lead Counsel in its sole discretion, subject to the approval of the Court. Any Plan of Allocation is not part of this Stipulation and Defendants shall have no responsibility or liability with respect thereto.

1.23    "Preliminary Approval Order" means an order by the Court, as set forth as Exhibit A hereto, certifying the Settlement Class for settlement purposes only, preliminarily approving the Settlement, and authorizing Notice thereof to the Settlement Class and related matters.

1.24    "Postcard Notice" means the postcard notice to be sent to Settlement Class Members substantially in the form attached hereto as Exhibit A-4, and which shall contain information relating to, among other things, how to access the Long Notice, Stipulation, and file a Proof of Claim.

1.25    "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached as Exhibit A-2.

1.26    "Released Claims" means the Settlement Class Claims and the Defendant Claims.

1.27    "Released Parties" means Defendants, Defendants' insurance carrier(s), Defendants' Counsel, and any of their respective parents, subsidiaries, and affiliates (and all of their present and former employers, officers, directors, employees, agents, servants, representatives, parents, affiliates, subsidiaries, partners, limited partners, heirs, successors, assigns, predecessors, assignees, advisors, attorneys, and insurers, and each of their respective heirs, executors, administrators, successors, and assigns).

1.28    "Releases" means the release of Released Claims against Released Parties pursuant to ¶¶ 5.0–5.2.

1.29    "Settlement" means the settlement contemplated by this Stipulation.

1.30     "Settlement Amount" means the Settlement consideration for a full and complete settlement of all Settlement Class Claims being paid by Liberty's insurer in the amount of three million nine hundred thousand dollars ($3,900,000).

10

1.31    "Settlement Class" means, for purposes of this Settlement only, all Persons and entities who purchased or otherwise acquired publicly traded Liberty common stock either in or traceable to Liberty's January 11, 2018 initial public offering ("IPO") through April 3, 2020, inclusive. Excluded from the Settlement Class are: (i) Persons who suffered no compensable losses, (ii) Defendants; (iii) members of the immediate family of any Individual Defendant; (iv) any person who was an officer or director of Liberty or the Riverstone Defendants during the Class Period; (v) any entity in which any such excluded party has a direct or indirect majority ownership interest; (vi) the legal representatives, heirs, successors-in-interest or assigns of any such excluded persons or entities; and (vii) Persons who submit valid and timely requests for exclusion from the Settlement Class in such form and manner, and within such time, as the Court shall prescribe. The Settlement Class shall not exclude any investment company, or pooled investment fund or separately managed account (including, but not limited to, mutual fund families, exchange traded funds, funds of funds, private equity funds, real estate funds, hedge funds and employee benefit plans) in which Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity but in which any Defendant alone or together, with its, his, or her respective affiliates, is not a majority owner or does not hold a majority beneficial interest.

1.32    "Settlement Class Claims" means any and all claims, Unknown Claims, demands, losses, rights, and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, and whether brought directly or indirectly against any of the Released Parties, that Plaintiffs or any other member of the Settlement

Class (or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such): (i) asserted in the Amended Complaint filed in the Action on October 13, 2021 or any other complaint filed in the Action; (ii) could have asserted in the Amended Complaint or any other forum that arise out of or are based upon in any way, directly or indirectly, the purchase, acquisition, holding, sale or disposition of any Liberty securities during the Class Period; or (iii) could have asserted in the Amended Complaint or any other forum that arise out of or are based upon in any way, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Amended Complaint. This release does not cover any claims relating to the enforcement of the Settlement, or the claims of any Person that submits a timely request for exclusion that is accepted by the Court.

1.33   "Settlement Class Member" means a Person or entity that is a member of the Settlement Class that does not exclude himself, herself or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice. "Settlement Class Members" means all such Persons.

1.34   "Settlement Hearing" means a hearing to be held before the Court to determine whether the proposed Settlement of the Action on the terms and conditions provided for in this Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether a Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs and expenses that should be awarded to Lead Counsel for their efforts and any compensatory awards that should be awarded to Plaintiffs for service to the Settlement Class; to

hear any objections by Settlement Class Members to the Stipulation, Plan of Allocation, or any award of fees and expenses or compensatory awards; and to consider such other matters as the Court may deem appropriate.

1.35    "Settlement Fund" means the Settlement Amount before any of the expenditures authorized herein, the payment of which will reduce it as described in the Net Settlement Fund definition, *supra*.

1.36    "Summary Notice" means the Summary Notice of Pendency and Proposed Class Action Settlement to be published on a national business newswire, substantially in the form attached as Exhibit A-3.

1.37    "Taxes" and "Tax Expenses" means: (1) all federal, state, and/or local taxes of any kind on any income earned by the Settlement Fund, together with any interest, penalties, or additions to tax imposed with respect to them; and (ii) the reasonable and necessary costs and expenses incurred in connection with the implementation of ¶ 2.8 of the Stipulation, including, without limitation, the reasonable and necessary costs and expenses of tax attorneys and accountants.

1.38    "Unknown Claims" means and includes (i) any and all Settlement Class Claims that Plaintiffs or any Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement, or might have affected his, her or its decision not to object to this Settlement or seek exclusion from the Settlement Class; and (ii) any and all Defendant Claims that any Defendant or Released Party does not know or suspect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its

decision(s) with respect to the Settlement.   With respect to the Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each Settlement Class Member and Released Party shall be deemed to have waived, and by operation of the Judgment shall have expressly waived any and all provisions, rights and benefits conferred by California Civil Code § 1542 or any law of any state or territory of the United States or principle of common law, that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, Defendants and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, and the Released Parties shall expressly, fully, finally, and forever settle and release any and all Released Claims, in each case known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge,

14

and the Settlement Class Members and the Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settlement Class Claims and Defendant Claims was separately bargained for and a material element of the Settlement.

### C.   The Settlement

#### a.   Settlement Amount

2.0   In consideration of the full and final settlement of the Settlement Class Claims, Liberty shall cause Liberty's insurer to deposit the Settlement Amount into the Escrow Account within thirty (30) days after the later of (i) preliminary approval of the Settlement by the Court or (ii) receipt of complete payment details, inclusive of all requisite information for an electronic funds transfer/ACH or wire (*i.e.*, W-9 and wiring instructions, including bank name, ABA routing number, account name, account number, and SWIFT Code) along with oral confirmation from Lead Counsel and/or the receiving bank holding the money in the Escrow Account. No other Defendants shall be responsible for paying any portion of the Settlement Amount.

2.1   Defendants' sole financial obligation to Plaintiffs, the Settlement Class Members and any Settlement Class Members' counsel under this Stipulation shall be as set forth in ¶ 2.0, and under no circumstances shall Defendants have any obligation to make any other or greater payment to them for any purpose pursuant to the Settlement. All payments made to Authorized Claimants pursuant to the Plan of Allocation as approved by the Court, any Fee and Expense Awards by the Court, any compensatory awards as awarded by the Court, all Notice and Administration Costs, and all administrative and other approved expenses of the Settlement, including Taxes and Tax Expenses, shall be paid from the Settlement Fund.

**b.**     **The Escrow Agent**

2.2     At the direction of Lead Counsel, the Settlement Fund shall be invested exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation or (b) secured by instruments backed by the full faith and credit of the United States Government. At Lead Counsel's direction, the Escrow Agent shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. Defendants, Defendants' Counsel, and the Released Parties shall not bear any responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent.

**c.**     **Handling and Disbursement of Funds by the Escrow Agent**

2.3     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class as are consistent with the terms of this Stipulation. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defendants' Counsel and Lead Counsel. Defendants, Defendants' Counsel, and the Released Parties have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Defendants, Defendants' Counsel, and the Released Parties harmless for any transaction executed by the Escrow Agent.

2.4     No monies will be disbursed from the Settlement Fund until after the Effective Date except as provided in ¶¶ 2.6–2.7 regarding Notice and Administration Costs, ¶ 2.8 regarding Taxes, and ¶ 7.1 regarding Attorneys' Fees and Expenses.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the parties who deposited such funds pursuant to this Stipulation and/or further order of the Court. Upon the Effective Date and thereafter, there shall be no reversion whatsoever of any of the Settlement Amount to any of the Released Parties.

> **d.     Notice and Administration Costs**

2.6     At any time after entry of the Preliminary Approval Order, Lead Counsel may pay from the Settlement Fund reasonable and necessary Notice and Administration Costs without further order of the Court.

2.7     Plaintiffs and Lead Counsel, Defendants and Defendants' Counsel, and the Released Parties shall not bear any liability for Notice and Administration Costs.

> **e.     Taxes**

2.8     The following provisions shall govern the treatment of Taxes and Tax Expenses:

(a)     The Escrow Agent will, to the extent possible, agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.8, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the

responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in ¶ 2.8(a)) shall be consistent with this ¶ 2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties on the income earned) shall be paid out of the Settlement Fund.

(c)     All Taxes and Tax Expenses relating to the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(d)     Taxes and Tax Expenses shall be treated as and considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court but shall not be considered or treated as part of the Notice and Administration Costs.

(e)     Defendants, Defendants' Counsel, Released Parties, Plaintiffs, Settlement Class Members, and Lead Counsel shall have no liability or responsibility for Taxes and Tax Expenses. The Escrow Agent shall indemnify and hold each of the Defendants, Defendants' Counsel, Released Parties, Plaintiffs, the Settlement Class Members, and Lead Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

(f)     The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay expenses relating to the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)). Neither Defendants, Defendants' Counsel, Released Parties, Plaintiffs, the Settlement Class Members nor Lead Counsel are responsible therefor, nor shall they have any liability with respect thereto.

(g)     The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.8.

### f.      Termination of Settlement

2.9     Defendants shall, acting collectively, have the right to terminate the Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by providing written notice of their election to do so to Lead Counsel within fourteen (14) days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part thereof without leave to amend and resubmit; (c) the Court's declining to enter the Judgment in any material respect without leave to amend and resubmit; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Plan of Allocation, Fee and Expense Award, or compensatory award shall not be considered material to this Stipulation and shall not be grounds for termination.

2.10    Plaintiffs shall have the right to terminate the Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by providing written notice of their election to do so to Defendants' Counsel within fourteen (14) days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part thereof without leave to amend and resubmit; (c) the Court's declining to enter the Judgment in any material respect as to Defendants without leave to amend and resubmit; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Plan of Allocation, Fee and Expense Award, or compensatory award shall not be considered material to this Stipulation and shall not be grounds for termination.

2.11    If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.0 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class, and not Defendants, shall have the right to: (a) terminate the Settlement; or (b) apply to the Court to enforce the terms of the Settlement and this Stipulation, but only if (i) Lead Counsel has first notified Defendants' Counsel in writing of Plaintiffs' intent to terminate or pursue a judgment pursuant to this paragraph, and (ii) the entire Settlement Amount is not deposited in the Escrow Account within fourteen (14) days after Lead Counsel has provided such written notice.

2.12    If, before the Settlement Hearing, any Persons who otherwise would be members of the Settlement Class have timely filed for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto, and such Persons in the aggregate have purchased a number of shares during the Class Period in an

amount greater than the sum specified in a separate Confidential Supplemental Agreement between the Parties, Liberty, acting in its sole discretion, shall have the option to terminate the Settlement and this Stipulation in accordance with the procedures set forth in the Confidential Supplemental Agreement. The Confidential Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Confidential Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises among the Parties concerning its interpretation or application. If submission of the Confidential Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Confidential Supplemental Agreement submitted to the Court in camera or filed under seal.

2.13    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate this Settlement as provided in this Stipulation; (iii) Liberty exercises its right to terminate the Settlement as provided in this Stipulation; and/or (iv) the Settlement does not become Effective, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated without prejudice, and this Stipulation shall be null and void and shall have no further force or effect (except for ¶¶ 2.9, 2.10, 2.11, 2.12, 8.2, 8.3, 8.4, 9.1, 9.16, 9.21, 9.22);

(b)    The Parties shall revert to their respective litigation positions in the Action as of the day the Parties accepted the Mediator's proposal (*i.e.* February 28, 2022); and

(c)    The Settlement Amount including any interest accrued thereon, less expenses actually incurred or due and owing for the Notice and Administration Costs pursuant to ¶ 2.6

above, shall be returned within fourteen (14) days in accordance with the instructions to be provided by Liberty's counsel.

### D.     Class Certification

3.0     For the sole purpose of this Settlement, the Parties hereby stipulate, agree, and consent to: (i) certification of the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); (b) appointment of Plaintiffs as class representatives; and (c) appointment of Lead Counsel as class counsel pursuant to Fed. R. Civ. P. 23(g). Following execution of this Stipulation, Plaintiffs, with consent of Defendants, shall apply to the Court for entry of the Preliminary Approval Order substantially in the form attached as Exhibit A hereto, which will certify the Action to proceed as a class action for settlement purposes only. The certification of the Settlement Class shall be binding only with respect to the Settlement and only if the Settlement becomes Effective.

3.1     The Parties' agreement as to certification of the Action is solely for purposes of effectuating a settlement and for no other purpose. Defendants retain all of their objections, arguments, and defenses with respect to class certification, and reserve all rights to contest class certification, if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become Effective. The Parties acknowledge that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if

the Settlement set forth in this Stipulation otherwise fails to become Effective, this agreement as to certification of the Action becomes null and void ab initio, and this Stipulation or any other settlement-related statement may not be cited regarding class certification, or in support of an argument for certifying a class for any purpose related to this or any other proceeding.

### E.   Preliminary Approval Order

4.0   Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall request entry of a Preliminary Approval Order (substantially in the form of Exhibit A) that will, inter alia, (1) grant preliminary approval to the Settlement; (2) certify the Settlement Class for settlement purposes only; (3) authorize dissemination of Notice to the Settlement Class substantially in the form of Exhibits A-1, A-3, and A-4 hereto, along with provision of a Proof of Claim and Release Form substantially in the form of Exhibit A-2; and (4) schedule the Settlement Hearing.

4.1   The Notice shall describe the Settlement; the proposed Plan of Allocation; the requests for a Fee and Expense Award for Lead Counsel, and a compensatory award to Plaintiffs; the date of the Settlement Hearing; Settlement Class Members' rights to opt out, object, or otherwise be heard with regard to these matters; and Settlement Class Members' opportunity to file claims upon the Settlement Fund. The Stipulation, Notice, Proof of Claim and Release Form, and all papers submitted in support thereof shall be posted on a website to be maintained by the Claims Administrator.

4.2   Within fourteen (14) days after the Court enters a Preliminary Approval Order, Liberty, at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator, shall provide or cause to be provided to Lead Counsel or the Claims Administrator in electronic format

23

its reasonably available security list (consisting of the names, mailing addresses, and, if available, email addresses) of registered owners of Liberty common stock during the Class Period.

**F.    Releases**

5.0    The obligations incurred pursuant to this Stipulation shall be in full and final settlement of the Action as to Defendants, the Released Parties, and any and all Released Claims.

5.1    Upon the Effective Date of this Settlement, Plaintiffs and all Settlement Class Members (whether or not they submit a Proof of Claim or share in the Settlement Fund) on behalf of themselves, anyone claiming through or on behalf of any of them, their personal representatives, heirs, executors, administrators, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and every one of the Settlement Class Claims, and shall be deemed by this Settlement to, and shall be forever barred and enjoined from commencing, instituting, assisting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any of the Settlement Class Claims.

5.2    Upon the Effective Date of this Settlement, Defendants, on behalf of themselves, their personal representatives, heirs, executors, administrators, successors, and assigns; any of their current or former officers and directors; and all of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and every one of the Defendant Claims against Plaintiffs, any of the Settlement Class Members, and Lead Counsel, and shall be deemed by this Settlement to, and shall be forever enjoined from prosecuting each and every one of the Defendant Claims.

5.3     Notwithstanding ¶¶ 5.1–5.2 above, nothing in this Stipulation or the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

5.4     For the sake of clarity, nothing in this Stipulation shall be construed as waiving or releasing any Defendant's claim for indemnification relating to the Action against any other Defendant or releasing any claim the Underwriter Defendants have against one another under any agreement between the Underwriter Defendants concerning the IPO.

**G.      Administration and Calculation of Claims, Plan of Allocation, and Distribution of the Settlement Fund**

6.0     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The distribution checks will be drawn upon the Net Settlement Fund.

6.1     The Released Parties, Defendants and Defendants' Counsel shall have no involvement in reviewing or challenging claims and shall have no responsibility or liability for the allocation of the Settlement Fund among the Settlement Class Members or the allocation of any Fee and Expense Award or compensatory award. Any such awards shall be paid solely by the Settlement Fund.

6.2     The Settlement Fund shall be applied as follows: to pay Taxes and Tax Expenses; to pay Notice and Administration Costs; to pay any Fee and Expense Award to the extent allowed by the Court; to pay any compensatory award to the extent allowed by the Court; and, upon Court approval, to distribute the Net Settlement Fund to the Authorized Claimants as allowed by this Stipulation, and the Plan of Allocation.

6.3     After the Effective Date, Lead Counsel, on behalf of Plaintiffs, shall apply to the Court, on notice to Defendants, for the Settlement Fund Distribution Order. The Settlement Fund shall be distributed to the Authorized Claimants, pursuant to the Settlement Fund Distribution Order, only after the Effective Date and after (a) all claims have been processed, (b) all matters with respect to the Fee and Expense Application, any Fee and Expense Award, any Notice and Administration Costs, and any other Settlement administration costs and expenses have been resolved by the Court and such resolution is Final; and (c) all Notice and Administration Costs have been paid. The Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

(i)     Each Settlement Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 hereto, supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable. Copies of all requests for exclusion received shall be sent to Defendants' Counsel and to Lead Counsel within a reasonable time of receipt by the Claims Administrator and in any event not less than seven (7) days prior to the Settlement Hearing. Copies of all written retractions of requests for exclusion received, shall be sent to Defendants' Counsel and to Lead Counsel within a reasonable time of receipt by the Claims Administrator and in any event not less than three (3) days prior to the Settlement Hearing.

(ii)    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim, or who file a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will

in all other respects be subject to and bound by the provisions of this Stipulation, the Releases, and the Judgment and will be barred and enjoined from bringing any action against the Released Parties concerning the Released Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator but shall not incur any liability for declining to do so.

6.4     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity of the amount of the Claimant's claim. No discovery shall be allowed of the Claimants, whether on the merits of the Action or Settlement or otherwise, in conjunction with the processing of the Proofs of Claim.

6.5     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Claimants. No Person shall have any claim against Plaintiffs, Lead Counsel, Defendants, Defendants' Counsel, the Released Parties, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

6.6     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation designed by Lead Counsel, to be described in the Notice, and approved by the Court. However, if any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the

distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants and who receive at least a $10.00 payment; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a non-sectarian charity or any not-for-profit successor of it chosen by Lead Counsel, with the approval of the Court.

6.7     This is not a claims-made settlement. If all conditions of the Stipulation are satisfied and the Settlement becomes Effective, no portion of the Settlement Fund will be returned to the Released Parties.

6.8     Defendants, Defendants' Counsel, and the Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission or determination of Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the administration, management, investment, allocation or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or

fluctuations in the value of, the Settlement Fund; (vi) the payment or withholding of any Taxes and Tax Expenses or (vii) any failure of Notice or failure to identify Settlement Class Members, or any losses incurred in connection therewith. No Person shall have any claim of any kind against Defendants, Defendants' Counsel, or the Released Parties with respect to the matters set forth in ¶¶ 6.0-6.8 herein.

6.9     It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

### H.     Attorneys' Fees and Expenses

7.0     Lead Counsel may submit an application or applications (a "Fee and Expense Application") for payments to Lead Counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including without limitation the fees and expenses of experts, consultants, and investigators incurred in connection with prosecuting the Action. Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary. Lead Counsel's Fee and Expense Application is not the subject of any agreement between the Parties other than what is set forth in this Stipulation. This

Stipulation shall not be construed as an endorsement by Defendants of any Fee and Expense Application submitted by Lead Counsel.

7.1     Any award of attorneys' fees, costs, and expenses approved by the Court ("Fee and Expense Award") shall be payable solely from the Settlement Fund immediately upon award by the Court's order awarding such fees and expenses, notwithstanding any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the joint and several obligation of all counsel who receive any award of attorneys' fees and costs to refund such award to the Settlement Fund, plus interest earned thereon if, as a result of any appeal and/or further proceedings on remand or successful collateral attack, the award is lowered or the Settlement is disapproved by a final order.

7.2     If any Fee and Expense Award is reduced or reversed on appeal, counsel that received the Fee and Expense Award shall make all necessary refunds and repayments into the Settlement Fund no later than thirty (30) days after receipt from the Court of notice of any order that reverses or reduces any award of attorneys' fees or expenses, which shall be distributed by the Escrow Agent to the Settlement Class pursuant to the manner directed in the Final order.

7.3     The Fee and Expense Application shall be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

**I.      Effect of Disapproval, Cancellation or Termination**

8.0      The Effective Date of the Stipulation shall be conditioned upon the occurrence of (or with respect to (c) below, the waiver by Liberty of) all of the following events:

(a)      The Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A to this Stipulation;

(b)      The Settlement Amount has been deposited into the Escrow Account;

(c)      Final dismissal with prejudice of *Marshall Cobb, et al. v. Liberty Oilfield Services Inc., et al.*, No. 2020CV30983 (District Court, Denver County, Colorado) (the "State Case"), and the time to appeal the dismissal of the State Case in Colorado state court has expired or the State Case judgment has been affirmed in all respects in any appeal or review and is no longer subject to further appeal or review;

(d)      No Parties have exercised their option to terminate the Settlement pursuant to ¶¶ 2.9–2.12 of the Stipulation;

(e)      Approval by the Court of the Settlement, following the period set forth for CAFA Notice, and following notice to the Settlement Class and the Settlement Hearing, as prescribed by Fed. R. Civ. P. 23; and

(f)      Entry by the Court of the Judgment, substantially in the form set forth in Exhibit B to this Stipulation, which has become Final, or in the event that the Court enters an order of judgment not in all material respects in the form of the Judgment and none of the Parties elects to terminate this Settlement, the date that such alternative judgment becomes Final.

Any appeal or delay in (i) the approval of the Plan of Allocation, (ii) the granting of any Fee and Expense Award, or (iii) the granting of a compensatory award, shall not affect, alter, or

delay the occurrence of the Effective Date.

8.1     Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation. The Settlement Fund shall be distributed in accordance with ¶ 6.3 hereof. If all of the conditions specified in ¶ 8.0 herein are not met, then this Stipulation shall be canceled and terminated subject to ¶ 8.3 herein, unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

8.2     Unless otherwise ordered by the Court, in the event the Stipulation is terminated, or is canceled, or fails to become Final or Effective for any reason: (i) the Parties shall revert to their litigation positions on the day the Parties accepted the mediator's proposal (February 28, 2022); and (ii) the Settlement Amount, including any interest accrued, shall be returned within fourteen (14) days to the Party, Insurer, or other entity that contributed funds, less any taxes paid or due.

8.3     In the event this Settlement is terminated as provided in ¶¶ 2.9–2.12, then the terms and provisions of the Stipulation, with the exception of ¶¶ 2.9, 2.10, 2.11, 2.12, 8.2, 8.3, 8.4, 9.1, 9.16, 9.21, 9.22 hereof, shall have no further force and effect and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court shall constitute grounds for cancellation or termination of the Stipulation.

8.4     In the event this Settlement is terminated as provided in ¶¶ 2.9–2.12, Plaintiffs, Settlement Class Members, Lead Counsel, the Claims Administrator, and the Escrow Agent shall not have any obligation to repay any Notice and Administration Costs actually and properly disbursed from the Settlement Fund. In addition, any expenses already incurred and properly chargeable to Notice and Administration Costs pursuant to this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation before the balance is refunded in accordance with ¶ 8.2.

**J.      Miscellaneous Provisions**

9.0     Defendants deny any wrongdoing, liability or violation of law or regulation whatsoever, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of Defendants with respect to, any claim of any fault or liability or wrongdoing or damage or violation of law or regulation whatsoever, or any infirmity in any defenses that Defendants have asserted or could assert in the Action or any other action.

9.1     Liberty shall be responsible for serving the CAFA Notice. Liberty shall cause its insurer to pay any and all costs associated with the CAFA Notice. No other Defendants shall be responsible for paying any costs associated with the CAFA Notice.

9.2     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it, shall not be deemed to be, and may not be, argued to be offered or received:

(a)     Against any of the Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Plaintiffs in this Action or the validity of any claim that has been or could have

33

been asserted against any of the Released Parties in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Released Parties.

(b)　　Against any of the Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties.

(c)　　Against any of the Released Parties, Plaintiffs, or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties, Plaintiffs, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as against any of the Released Parties, Plaintiffs, or any Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Released Parties, Plaintiffs, and any Settlement Class Member may refer to it to effectuate the liability protection granted them hereunder;

(d)　　Against any of the Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could or would have been received after trial of the Action;

(e)　　Against Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by Defendants

have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount; and

      (f)    Against Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by Plaintiffs in the Amended Complaint or the Action or of any lack of merit to the claims or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action.

      9.3    This Stipulation, whether or not consummated, and any proceedings taken pursuant to it, shall not be deemed to be, and may not be, argued to be offered or received as evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement. Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, offset or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

      9.4    The Parties intend the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Plaintiffs or the Settlement Class Members against Defendants, Defendants' Counsel and all Released Parties concerning the Settlement Class Claims and against Plaintiff and Settlement Class Members and their counsel concerning the Defendant Claims. Accordingly, the Parties agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by the Defendants in bad faith or without a reasonable basis. The Parties, and each of them, shall not assert or pursue any action, claim or rights that any party hereto violated any provision of Fed. R. Civ. P. 11 or otherwise seek

reimbursement or shifting of attorneys' fees or other costs associated with this Action. The Parties, and each of them, and their respective counsel agree that the Action was resolved in good faith, following arm's length bargaining, and reflect a Settlement that was reached voluntarily after consultation with experienced legal counsel.

9.5     The Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation. Subject to their fiduciary and legal obligations to their clients, Lead Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation, and the Settlement, and to use reasonable best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

9.6     Neither Plaintiffs, Settlement Class Members, nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Plaintiffs or any other Settlement Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Settlement Class Members or if the Plan of Allocation is modified on appeal. Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to the distribution of the Net Settlement Fund. Nor shall it be a basis to terminate the Stipulation if the Court denies, in whole or in part, Lead Counsel's Fee and Expense Application.

9.7     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing any Fee and Expense Award and enforcing the terms of this Stipulation.

9.8     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.9     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference. Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall prevail.

9.10    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

9.11    This Stipulation, the Exhibits attached hereto, and the Confidential Supplemental Agreement (as described in ¶ 2.12, *supra*) constitute the entire agreement among the Parties hereto and no representations, warranties, or inducements have been made to any Party concerning this Stipulation, its Exhibits, or the Confidential Supplemental Agreement other than the representations, warranties and covenants contained and memorialized in such documents.

9.12    Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related Settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.13    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or email shall be deemed originals.

9.14    This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Parties.

9.15    The Court shall retain jurisdiction with respect to enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of enforcing the Settlement embodied in this Stipulation.

9.16    Any disputes arising out of finalizing and implementing this Stipulation or the Settlement itself shall be mediated with JAMS mediator Robert A. Meyer. If such mediation fails to produce an agreed resolution, the dispute shall be submitted to the Court.

9.17    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Colorado and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Colorado without giving effect to that State's choice of law principles.

9.18    This Stipulation is deemed to have been prepared by Lead Counsel and Defendants' Counsel, as a result of arm's length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one Party than another.

9.19    Whenever this Stipulation requires or contemplates that a Party shall or may give notice to the other, notice shall be in writing and shall be deemed to have been duly given upon

receipt of overnight courier, emailed PDF, or similar-format electronic document. Notice shall be provided as follows:

| | |
|---|---|
| If to Plaintiffs or Lead Counsel, then to: | Laurence M. Rosen<br>Yu Shi<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>Email: lrosen@rosenlegal.com<br>yshi@rosenlegal.com |
| If to Liberty, the Individual Defendants, or the Riverstone Defendants or their counsel, then to: | R. Thaddeus Behrens<br>Daniel H. Gold<br>SHEARMAN & STERLING LLP<br>2828 North Harwood Street<br>Dallas, TX 75201<br>Email: thad.behrens@shearman.com<br>dan.gold@shearman.com |
| If to the Underwriter Defendants or their counsel, then to: | Brian S. Weinstein<br>Matthew R. Brock<br>DAVIS POLK & WARDWELL, LLP<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: brian.weinstein@davispolk.com<br>matthew.brock@davispolk.com |

9.20    All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. The provisions of Rule 6 of the Federal Rules of Civil Procedure apply in computing any period of time prescribed or allowed by this Stipulation or by order of the Court.

9.21    Whether or not the Stipulation is approved by the Court and whether or not the Settlement becomes Final, or the Effective Date occurs, the Parties and their counsel shall use their

best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential (outside of their auditors, accountants, insurers, tax advisors, regulatory agencies, or the Parties' respective attorneys), unless and to the extent required by law, regulation, stock exchange rule, or by order of a court or governmental body having the authority to require such disclosure.

9.22    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

9.23    The Parties reserve the right, subject to the Court's approval for any extensions that affect Court filing deadlines or hearing dates, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated May 9, 2022.

Laurence M. Rosen
Yu Shi
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016

*Lead Counsel for Plaintiffs and the Settlement Class*

R. Thaddeus Behrens
Daniel H. Gold
SHEARMAN & STERLING LLP
2828 North Harwood Street
Dallas, TX 75201

*Counsel for Defendants Liberty, the Individual Defendants, and the Riverstone Defendants*

Brian S. Weinstein
Matthew R. Brock
DAVIS POLK & WARDWELL, LLP
450 Lexington Avenue
New York, NY 10017

*Counsel for the Underwriter Defendants*