**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 20-cv-00946-RM-NYW

CIPRIANO CORREA, et al., individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

LIBERTY OILFIELD SERVICES INC., et al.,

    Defendants.

---

**ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE**

---

WHEREAS, Lead Plaintiff Cipriano Correa and Named Plaintiff Marc Joseph ("Plaintiffs") and defendants Liberty Oilfield Services Inc. ("Liberty"), Christopher A. Wright, Michael Stock, Cary D. Steinbeck, William F. Kimble, Peter A. Dea, N. John Lancaster, Jr., Brett Staffieri, Ken Babcock, Jesal Shah, R/C Energy IV Direct Partnership, L.P., R/C IV Liberty Holdings, L.P., Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Wells Fargo Securities, LLC, Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Evercore Group L.L.C., Piper Sandler & Co., Tudor, Pickering, Holt & Co. Securities, LLC, Houlihan Lokey Capital, Inc., Intrepid Partners, LLC, Petrie Partners Securities, LLC, and SunTrust Robinson Humphrey, Inc. (n/k/a Truist Securities, Inc.) (collectively, the "Defendants," and with Plaintiffs, the "Parties"), through their respective counsel of record relating to the above-captioned litigation, have entered into the Stipulation of Settlement, dated May 9, 2022 (the "Settlement Stipulation"), which is

1

subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the putative class action pending before the Court entitled *Correa, et al., v. Liberty Oilfield Services Inc., et al.*, 1:20-CV-00946-RM-NYW (the "Action"); and the Court having read and considered the Settlement Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 17th day of May, 2022, that:

1. Capitalized terms used but not otherwise defined herein have the meanings defined in the Settlement Stipulation.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons and entities who purchased or otherwise acquired publicly traded Liberty common stock either in or traceable to Liberty's January 11, 2018 initial public offering ("IPO") through April 3, 2020, inclusive. Excluded from the Settlement Class are: (i) Persons who suffered no compensable losses, (ii) Defendants; (iii) members of the immediate family of any Individual Defendant; (iv) any person who was an officer or director of Liberty or the Riverstone Defendants during the Class Period; (v) any entity in which any such excluded party has a direct or indirect majority ownership interest; (vi) the legal representatives, heirs, successors-in-interest or assigns of any such excluded persons or entities; and (vii) all Persons who submit valid and timely requests for exclusion from the Settlement Class in such form and manner as prescribed in this Order. The Settlement Class shall not exclude any investment company, or pooled investment fund or

separately managed account (including, but not limited to, mutual fund families, exchange traded funds, funds of funds, private equity funds, real estate funds, hedge funds and employee benefit plans) in which Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity but in which any Defendant alone or together, with its, his, or her respective affiliates, is not a majority owner or does not hold a majority beneficial interest.

3. This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel, The Rosen Law Firm, P.A., previously selected by Lead Plaintiff and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class ("Class Counsel").

5. The Court finds that (a) the Settlement Stipulation resulted from good faith, arm's length negotiations, and (b) the Settlement Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

6. The Court hereby preliminarily approves the Settlement, as embodied in the Settlement Stipulation, subject to further consideration at a hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held in Courtroom A601 before Judge Raymond P. Moore on the sixth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado, on October 7, 2022 at 1 p.m. for the following purposes:

(a) to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine finally whether the Order and Final Judgment as provided under the Settlement Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release of the Released Claims against the Released Parties, as set forth in the Settlement Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Settlement Stipulation;

(d) to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

    (e) to consider the application of Class Counsel for an award of attorneys' fees and expenses and a Compensatory Award to the Class Representatives;

    (f) to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf), provided that they gave proper notice that they intend to appear at the Settlement Hearing; and

    (g) to rule upon such other matters as the Court may deem appropriate.

  7. The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Parties, and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

  8. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. In the event the Court decides to hold the Settlement Hearing telephonically or by other virtual means, Class Counsel will cause the Claims Administrator to update its website regarding the Settlement Hearing's telephonic or virtual format and provide participation instructions.

  9. The Court approves the form, substance and requirements of (a) the Notice, (b) the Postcard Notice, (c) the Summary Notice, and (c) the Proof of Claim and Release Form, all of which are exhibits to the Settlement Stipulation.

10.  Class Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and have the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

11.  For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

12.  Within thirty (30) days after the later of (i) entry of this Order, or (ii) receipt of complete payment details, inclusive of all requisite information for an electronic funds transfer/ACH or wire (*i.e.*, W-9 and wiring instructions, including bank name, ABA routing number, account name, account number, and SWIFT Code) along with oral confirmation from Class Counsel and/or the receiving bank holding the money in the Escrow Account, Liberty shall cause its insurer to deposit the Settlement Amount of three million nine hundred thousand dollars ($3,900,000) into the Escrow Account.

13.  At any time after entry of this Order, Class Counsel may pay from the Settlement Fund reasonable and necessary Notice and Administration Costs without further order of the Court.

14.  Within fourteen (14) days after entry of this Order, Liberty, at no cost to the Settlement Fund, Class Counsel, or the Claims Administrator, shall provide or cause to be provided to Class Counsel or the Claims Administrator in electronic format its reasonably available security list (consisting of the names, mailing addresses, and, if available, email addresses) of registered owners of Liberty common stock during the Class Period. This information will be kept

confidential and not used for any purpose other than to provide the notice contemplated by this Order.

15. Class Counsel, through the Claims Administrator, shall cause the Settlement Stipulation and its exhibits, this Order, a copy of the Notice, and the Proof of Claim and Release Form to be posted on the Claims Administrator's website within twenty-eight (28) days after entry of this Order.

16. Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically on the *GlobeNewswire* within thirty-five (35) days of entry of this Order. Class Counsel shall, at least seven (7) days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of publication of the Summary Notice.

17. Class Counsel, through the Claims Administrator, shall cause the Postcard Notice, the Summary Notice, or links to the Notice and Proof of Claim and Release Form, substantially in the forms annexed to the Settlement Stipulation: (i) to be mailed, where disseminating the Postcard Notice, by first class mail, postage prepaid, within thirty-five (35) days of entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by Class Counsel, through the Claims Administrator; or (ii) to be emailed, where disseminating the Summary Notice or links to the Notice and Proof of Claim and Release Form, within thirty-five (35) days of the entry of this Order, to all Settlement Class Members for whom email addresses may be obtained with reasonable effort, through the Claims Administrator.

18. Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Liberty common stock as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) days of receipt of the

notice, either: (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10) days after receipt thereof send copies to such beneficial owners; (ii) request an electronic copy of the Summary Notice and either email the Summary Notice in electronic format or links to the Notice and Proof of Claim and Release Form to each beneficial owner for whom they are nominee or custodian within ten (10) days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Summary Notice or a link to the Notice and Proof of Claim and Release Form, if email addresses are available, or Postcard Notice to such beneficial owners, if last known addresses are provided. If the Claims Administrator receives an email address, it will send a Summary Notice or link to the Notice and Proof of Claim and Release Form electronically. Nominees or custodians who elect to email notice or send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing of names and addresses, in amounts up to: (i) $0.03 per name and address provided; (ii) $0.03 per email for emailing notice; or (iii) $0.03 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, subject to further order of this Court with respect to any dispute concerning such reimbursement.

19. Class Counsel shall, at least seven (7) days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of the mailing and emailing of Notice, as required by this Order.

20. The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 77z-1, as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

21. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator: (i) electronically through the Claims website, www.strategicclaims.net/Liberty by 11:59 p.m. EST on September 16, 2022; or (ii) at the Post Office Box indicated in the Notice, postmarked no later than September 16, 2022. Such deadline may be further extended by Order of the Court. Each Proof of Claim and Release Form shall be deemed to have been submitted when: (i) the claim receives a confirmation notice from Strategic Claims Services for electronic submissions; or (ii) legibly postmarked (if properly addressed and mailed by first class mail), provided such Proof of Claim and Release Form is actually received

9

before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b) The Proof of Claim and Release Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim and Release Form; and (iv) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely submitted Proof of Claim and Release Form, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim and Release Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has

been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d) As part of the Proof of Claim and Release Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation.

22. All Settlement Class Members who do not submit valid and timely Proof of Claim and Release Forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Settlement Stipulation and the Order and Final Judgment, if entered.

23. Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than September 16, 2022 (the "Exclusion Deadline"), to the addresses listed in the Notice. In order to be valid, such request for exclusion must clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Correa, et al., v. Liberty Oilfield Services*

*Inc., et al.*, 1:20-CV-00946-RM-NYW (D. Colo.)." In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase or acquisition and, if applicable, sale transaction of Liberty common stock during the Class Period and (ii) demonstrating the Person's status as a beneficial owner of Liberty common stock. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

24. The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Parties promptly as received, and in no case later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). Pursuant to ¶ 6.3(i) of the Settlement Stipulation, in no event shall the Claims Administrator or Class Counsel be permitted to provide any requests for exclusion to Defendants' Counsel less than seven (7) days prior to the Settlement Hearing. The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

25. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received and provided to Class Counsel and Defendants' Counsel no later than three (3) days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

26. All Persons who submit valid, timely and unrevoked request for exclusions will be forever barred from receiving any payments from the Net Settlement Fund.

27. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, <u>provided</u>, <u>however</u>, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following counsel at least twenty-one (21) days prior to the Settlement Hearing Date:

| CLASS COUNSEL: | COUNSEL FOR LIBERTY, THE INDIVIDUAL DEFENDANTS, AND THE RIVERSTONE DEFENDANTS: | COUNSEL FOR THE UNDERWRITER DEFENDANTS: |
|---|---|---|
| Laurence Rosen<br>The Rosen Law Firm, P.A.<br>275 Madison Avenue<br>40th Floor<br>New York, NY 10016 | R. Thaddeus Behrens<br>Shearman & Sterling LLP<br>2828 North Harwood Street<br>Dallas, TX 75201 | Brian S. Weinstein<br>Davis Polk & Wardwell, LLP<br>450 Lexington Avenue<br>New York, NY 10017 |

and that Person has (at least twenty-one (21) days prior to the Settlement Hearing date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street Denver, Colorado 80294.  To be valid, any such objection must contain the Settlement Class Member's (1) name, address, and telephone number; (2) a list of all purchases and sales of Liberty common stock during the Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, or its counsel; (4) the name, address and telephone

number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary, but Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

28.   Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

29. All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than twenty-eight (28) days before the Settlement Hearing.

30. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) days prior to the Settlement Hearing.

31. Defendants shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Class Representatives, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

32. Pending final determination of whether the Settlement should be approved, all parties that are contemplated to provide releases pursuant to ¶¶ 5.1-5.2 of the Settlement Stipulation shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Settlement Stipulation is cancelled and terminated pursuant to the Settlement Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Stipulation, are hereby stayed and suspended until further order of the Court.

33. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Settlement Stipulation and Plan of Allocation and/or further order(s) of the Court.

34. Neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or the Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing or any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that the Class Representatives or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

35. In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party or Released Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or Released Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed on February 28, 2022, pursuant to the terms of the Settlement Stipulation.

36. The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to Settlement Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 6 above. The Court reserves the right to adjourn the Settlement Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further

notice to the Settlement Class. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim and Release Form submitted and any future requests by one or more of the Parties that the Order and Final Judgment, the releases and/or the permanent injunction set forth in the Settlement Stipulation be enforced.

DATED this 17th day of May, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge