# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-CV-00946-RM-NRN

CIPRIANO CORREA et al., Individually and on Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

LIBERTY OILFIELD SERVICES INC., et al.,

    Defendants.

---

## [PROPOSED] ORDER AND FINAL JUDGMENT

---

On the _____ day of _____, 2022, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation of Settlement dated May 9, 2022 (the "Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against Defendants; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was provided to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator; and

1

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All capitalized terms used but not otherwise defined herein have the same meanings as set forth and defined in the Settlement Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and Defendants.

3. For purposes of this Settlement, this is a class action on behalf of all Persons and entities who purchased or otherwise acquired publicly traded Liberty Oilfield Services Inc. ("Liberty") common stock either in or traceable to Liberty's January 11, 2018 initial public offering ("IPO") through April 3, 2020, inclusive. Excluded from the Settlement Class are (i) Persons who suffered no compensable losses, (ii) Defendants; (iii) members of the immediate family of any Individual Defendant; (iv) any person who was an officer or director of Liberty or the Riverstone Defendants during the Class Period; (v) any entity in which any such excluded party has a direct or indirect majority ownership interest; (vi) the legal representatives, heirs, successors-in-interest or assigns of any such excluded persons or entities; and (vii) Persons listed on Exhibit A hereto who or which are excluded from the Settlement Class pursuant to request.

4. The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27(a)(7) of the Securities Act of 1933, 15

U.S.C. § 77z-1, as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons and entities entitled thereto of these proceedings and the matters set forth herein. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Stipulation and Settlement are, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Settlement Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, Settlement Class Members, and Defendants. Accordingly, the Settlement embodied in the Settlement Stipulation is hereby finally approved in all respects, incorporated into and made a part of this Order and Final Judgment, and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Settlement Stipulation.

6. [The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.]

7. The Action and the Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint") are hereby dismissed with prejudice as to all Defendants. The Parties shall bear their own costs and expenses, except as and to the extent provided in the Settlement Stipulation and herein.

8. In accordance with the terms of the Settlement Stipulation, Plaintiffs and all Settlement Class Members (whether or not they submitted a Proof of Claim or share in the Settlement Fund) on behalf of themselves, anyone claiming through or on behalf of any of them, their personal representatives, heirs, executors, administrators, and assigns (collectively, the "Releasing Parties") hereby forever fully, finally, and forever release, relinquish, and discharge the Released Parties from any and all Settlement Class Claims. The Releasing Parties, and anyone acting or purporting to act for any of them, are hereby permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, continuing to prosecute, or in any way participating in the commencement or prosecution of any action or other proceeding, in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any of the Settlement Class Claims, either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties.

9. In accordance with the terms of the Settlement Stipulation, each of the Defendants, on behalf of themselves, their personal representatives, heirs, executors, administrators, successors, and assigns; any of their current or former officers and directors; and all of the

Released Parties, hereby forever releases, relinquishes, and discharges any and all Defendant Claims which arise out of, concern or relate to the institution, prosecution, settlement, or dismissal of the Action against Plaintiffs, any of the Settlement Class Members, and Lead Counsel.

10. The Court finds that all Parties and their counsel have complied with each requirements of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

11. Neither this Order and Final Judgment, the Settlement Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a) referred to or used against the Released Parties or against Plaintiffs or the Settlement Class as evidence of wrongdoing by anyone;

(b) construed against the Released Parties or against Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(c) construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount; or

(d) used or construed as an admission of any fault, liability or wrongdoing by any Person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Released Parties in any proceeding other than such proceedings as may be necessary to consummate or enforce the Settlement Stipulation.

5

12. Exclusive jurisdiction is hereby retained over Defendants, Plaintiffs, and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

13. Without further order of the Court, Defendants and Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

14. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

15. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make with respect to the proposed Plan of Allocation or any application for an award of attorneys' fees and expenses and/or case contribution awards.

16. In the event that the Settlement does not become Final and/or the Effective Date does not occur in accordance with the terms and conditions set forth in the Settlement Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated.  The terms and conditions of the Settlement Stipulation shall govern any termination or the effect of any termination thereof.

Dated: _____, 2022

_____
HON. RAYMOND P. MOORE
UNITED STATES DISTRICT JUDGE