## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-CV-00946-RM-NRN

CIPRIANO CORREA et al., Individually and on Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

LIBERTY OILFIELD SERVICES INC., et al.,

    Defendants.

---

## PLAINTIFFS' UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUND[1]

---

Lead Plaintiff Cipriano Correa and Named Plaintiff Marc Joseph ( "Plaintiffs"), respectfully move this Court, pursuant to Fed. R. Civ. P. 23(e), for entry of the [Proposed] Order Granting Distribution of Class Action Settlement Fund ("Class Distribution Order"), filed herewith. Among other things, the Class Distribution Order: (i) approves the Claims Administrator's recommendations accepting and rejecting Claims submitted in the Action, and (ii) directs distribution of the Net Settlement Fund to Authorized Claimants whose Claims have been accepted as valid and approved by the Court.

---

[1] Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiffs conferred with Defendants regarding this motion; Defendants take no position on this motion.

1

## I.    INTRODUCTION

On May 17, 2022, the Court entered the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") (ECF No. 126).

On October 7, 2022, the Court entered the Order and Final Judgment ("Final Judgment") (ECF No. 139).

The Court-appointed Claims Administrator,[2] Strategic Claims Services ("SCS"), has advised Lead Counsel that it has completed all analyses and accounting procedures in connection with the proofs of claim submitted by those persons who responded to the Notice, and has determined which of those persons are Authorized Claimants. *See* Declaration of Margery Craig Concerning the Results of the Claims Administration Process ("Craig Decl.") ¶6.

All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. Accordingly, Plaintiffs, through and by Lead Counsel, respectfully request that the Court authorize the distribution of the Net Settlement Amount to the Authorized Claimants.

## II.    DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Preliminary Approval Order, all Claims were to be submitted to the Claims Administrator, online or postmarked no later than September 16, 2022. Preliminary Approval Order ¶21.  The Claims Administrator has now finalized its determination of which Claims are authorized and which are ineligible. Craig Decl. ¶6-7.

---

[2] Unless otherwise indicated, all capitalized terms have the same meaning as set forth in the Stipulation of Settlement, dated May 9, 2022 (the "Stipulation") (ECF No. 124).

### A.  Properly Documented Claims

SCS identified 3,960 properly documented claims that were received on or before November 7, 2022. Craig Decl. ¶7(a). Of these valid claims, one was filed late. SCS accepted the late valid claim. To enable as many Settlement Class Members as possible to participate, Plaintiffs respectfully request that this Court accept the otherwise valid claim that SCS received after the September 16, 2022 deadline but before November 7, 2022, because it has not caused a delay to the distribution of the Net Settlement Fund to the Settlement Class, or otherwise prejudiced any Authorized Claimant. *Id.*; *See In re Crocs, Inc. Sec. Litig.,* No. 1:07-cv-002351-PAB-KLM, ECF No. 236 at p. 4, ¶1 (D. Colo. Mar. 5, 2018) (approving late but otherwise authorized claims); *In re Spectranetics Corp. Sec. Litig.,* No. 1:08-cv-2048-REB-KLM, ECF No. 182 at p. 2, ¶2 (D. Colo. July, 13, 2012) (same).

Plaintiffs respectfully request that the Court approve the 3,960 properly documented claims as listed in Exhibits B-1 and B-2 of the Craig Decl.

### B.  Deficient and Ineligible Claims

SCS identified that 35 potential claimants inadequately documented their claims. Craig Decl. ¶7(b). For each such inadequately documented claim it received, SCS sent the potential claimants inadequacy notices, advising them of the deficiency and affording them the opportunity to cure the deficiency. *Id.* Of the 35 claims SCS initially identified as deficient, 28 potential claimants have successfully cured the deficiencies; SCS now includes those Settlement Class Members as Authorized Claimants. *Id.* Each of the remaining 7 deficient claimants either failed to respond to the deficiency notice SCS sent or responded with inadequate documentation. *Id.* SCS sent a rejection notice to these inadequate claimants, explaining the reason(s) for their

3

rejection. *Id.* To date, none of these 7 inadequate claimants has objected to or contested SCS's determination. *Id.*

In addition, SCS identified 2,395 claims that it has recommended for complete rejection. Craig Decl. ¶7(c). Included in this category are, *inter alia*, claims with no Recognized Losses, duplicate claims, claims filed for securities other than Liberty common stock, withdrawn claims, etc. *Id.*  Such claimants were sent rejection notices advising them of SCS's determination. *Id.* To date, none of the ineligible claimants have contested SCS's determination of ineligibility. *Id.*

### III.    DISTRIBUTION OF THE NET SETTLEMENT AMOUNT

Consistent with the Plan of Allocation and with the Court's approval, the Claims Administrator will conduct an initial distribution of the Net Settlement Fund to all Authorized Claimants on a *pro rata* basis whose distribution payments calculate to $10.00 or more (the "Initial Distribution"). Craig Decl. ¶9(a). Based on the substantial experience of Lead Counsel and SCS in similar distributions, it can be expected that a certain number of the payments to be distributed to Settlement Class Members who filed valid Claims will not be cashed promptly.  To encourage Authorized Claimants to promptly cash their distribution checks and to avoid or reduce future expenses relating to unpaid distributions, Lead Counsel and SCS propose that all the distribution checks bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE."  *Id.* ¶9(b).

The Claims Administrator will make reasonable and diligent efforts to encourage Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund to cash their distribution checks.  If, however, after six (6) months any funds remain in the Net Settlement Fund, by reason of uncashed checks or otherwise, the Claims Administrator will

conduct a redistribution if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so.  During the redistribution, any amounts remaining in the Net Settlement Fund after the Initial Distribution, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, will be distributed to all Authorized Claimants in the Initial Distribution who cashed their distribution checks and would receive at least $10.00 from the second distribution.  Craig Decl. ¶9(c).

Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  *Id.*  At such time as it is determined that the redistribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to the Investor Protection Trust, a non-sectarian, nonprofit organization dedicated to investor education. Similar distribution plans, including the selection of the Investor Protection Trust as a *cy pres* recipient, have been repeatedly approved by courts in other securities class actions.  *See e.g.*, *In re Patriot National, Inc. Sec. Litig,*, 2021 WL 1040462, at *1-2 (S.D.N.Y. Mar. 18, 2021);  *In re Forterra Inc. Sec. Litig.*, 2021 WL 3464255, at *1-2 (N.D. Tex. Aug. 4, 2021).

### IV.    RELEASE OF CLAIMS

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or

otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, Plaintiffs respectfully request the Court to release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from any and all claims arising out of such involvement and bar all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to them pursuant to the terms of the Class Distribution Order. *See e.g., Crocs,* No. 1:07-cv-02351, ECF No. 236 at p. 6, ¶7 (D. Colo. Mar. 5, 2018) ("All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration of the taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement…"); *In re Oppenheimer Rochester Funds Group Sec. Litig.,* No. 09-md-02063, ECF No. 541 at pp. 4-5, ¶8 (D. Colo. Mar. 2, 2015) ("…Class Members, whether or not they are to receive payment from the Net Settlement Funds, are barred from making any further Claim against the Net Settlement Funds or the released persons beyond the amount allocated to them pursuant to this Order.").

## V.  RECORDS RETENTION AND DESTRUCTION

Plaintiffs respectfully request the Court permit the Claims Administrator to destroy the paper copies of the Claims and all supporting documentation no less than one year after the distribution of the Net Settlement Fund, and to destroy all electronic copies of the same no less than one year after all funds have been distributed.  This is SCS's customary document retention period and prevents the Settlement Class from incurring additional storage expenses and related fees.  Craig Decl. ¶9(e).

## V.      CONCLUSION

For the foregoing reasons, Plaintiff respectfully request the Court enter the Class Distribution Order submitted herewith, so that Settlement Class Members who submitted valid claims may receive their *pro rata* share of the Net Settlement Fund.

Dated: June 14, 2023                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
*/s/ Laurence Rosen*
Laurence Rosen
Yu Shi
275 Madison Ave, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Email: lrosen@rosenlegal.com
        yshi@rosenlegal.com

*Lead Counsel for Plaintiffs and the Settlement Class*

7

**CERTIFICATE OF SERVICE**

I, Laurence Rosen, an attorney, hereby certify that on June 14, 2023, I caused a true and correct copy of the foregoing "PLAINTIFFS' UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUND" to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 14, 2023.

*/s/Laurence Rosen*
Laurence Rosen